## WHITMAN *vs.* REVELS' ADM'R.

[DETINUE FOR SLAVES.]

1. *Receipt for purchase-money of slave; effect as bill of sale, and admissibility of parol to vary.*—A writing signed by the vendor of a slave, acknowledging payment of the purchase-money, though in form a receipt, is in effect a bill of sale, passes the title, and cannot be varied by parol; but this principle does not apply to a receipt executed by the vendor after the consummation of the contract which, although it recites that the money specified "is in part payment of" the slave, shows on its face that the money is paid and credited as a partial payment on the purchaser's note for the price, which note was the only writing executed between the parties at the time the contract was made.

APPEAL from the Circuit Court of Perry.

Tried before the Hon. PORTER KING.

THIS action was brought by the administrator of Samuel Revels, deceased, against Samuel Whitman, to recover a negro woman, named Emma, and her two children, together with damages for their detention; and was commenced on the 12th March, 1858. The defendant pleaded *not guilty,* and several special pleas denying the validity of the plaintiff's letters of administration; and, so far as the record discloses, issue was joined on all of these pleas without objection. On the trial, as appears from the bill of exceptions, the plaintiff relied for a recovery on a purchase of the slave Emma, by the intestate in his life-time, from the defendant; and, for this purpose, read in evidence to the jury, after proving their execution, three receipts signed by the defendant, of which the following are copies :

" Received, Marion, Ala., Dec. 6, 1855, of Samuel Revels, five hundred and eighty-seven dollars and fifty cents; which amount is this day credited on a note of Samuel Revels to me, for twelve hundred and fifty dollars, dated April 16, 1855, and due at date, and is in part payment of a girl named Emma."

8

" Marion, June 31, 1856. Received of Samuel Revels one hundred dollars, which he is entitled to a credit on a certain note that I hold against said Revels. Said note was given for girl Emma."

"Marion, April 7, 1857. Received of Samuel Revels two hundred dollars, in part payment for negro girl Emma. Sam is entitled to a credit for the above amount, for said negro girl."

The plaintiff also proved a tender by himself, after his qualification as administrator of Revels, of the balance due on the note for the purchase-money, a demand of the slaves from the defendant before the commencement of the suit, their value, the value of their hire, and that they were in the possession of the defendant at the commencement of the suit. The defendant then read to the jury, after proving its execution by the subscribing witness, said intestate's note above referred to, which was in the following words ; " Due Samuel Whitman twelve hundred and fifty dollars, for value received of him this 16th April, 1855 ;" and on which was endorsed a credit for five hundred and eighty-seven dollars and fifty cents, paid on the 6th December, 1855. The attesting witness to the note, one Wm. H. Stewart, further testified, that he was present at the consummation of the contract between the plaintiff's intestate and the defendant; that said contract was never reduced to writing, so far as he knew : that said note for the purchase-money was the only writing in relation to it, within his knowledge ; and that the credit endorsed on it was for the money mentioned in the receipt of the same date. The defendant then proposed to prove by this witness, that, by the terms of the contract between the parties, the two children of the girl Emma, only one of whom was then born, were expressly excluded from the sale ; that Emma was to remain in the possession of the defendant, until the payment of the entire purchase-money by the intestate ; that if she died before the payment was completed, the intestate was not bound to pay the balance, and the defendant was not bound to repay the amount already paid ; and that if the intestate died before completing the payment, the slave was to remain the property of the defendant, and he

was not bound to repay the money already received. The court excluded this evidence from the jury, on motion of the plaintiff, and the defendant excepted.

The court charged the jury, in substance, that the first and last of the receipts above copied was each a bill of sale, and conveyed to the plaintiff's intestate the title to the negro woman Emma; and that the plaintiff, if the evidence was believed by them, was entitled to recover the woman and her youngest child, but was not entitled to recover the ·oldest child; to each of which charges the defendant excepted.

The several rulings of the court to which exceptions were reserved, are now assigned as error.

J. R. JOHN, for appellant.
BROOKS & GARROTT, contra.

R. W. WALKER, J.—It has been held by this court, that an instrument which acknowledges the payment of the consideration for certain personal property, though in form a receipt, is in effect a bill of sale, operates a conveyance of the title, and cannot be varied by parol evidence.—*Bush v. Bradford*, 15 Ala. 317; *Morgan v. Smith, Wykoff & Nicholl*, 29 Ala. 283; see, also, *Jones v. Trawick's Adm'r*, 31 Ala. 253.

But the cases in which this has been decided, are very different from the one now before us. Here, the defendant held a note on the plaintiff's intestate, executed and bearing date on the 16th April, 1855, and payable to the defendant, for $1250. This note was given at the making, and in execution, of a contract for the purchase of a slave by the plaintiff's intestate, from the defendant, and was the only writing which was executed on that occasion. On this note, and under date of 6th December, 1855, there was endorsed a credit of $587 50, which the proof showed to be the same sum of money referred to in the separate receipt of that date given in evidence by the plaintiff. This receipt (as well as a similar one, of a later date, for a subsequent payment on the note) the court held was a bill of ale, conveying the title to the plaintiff's intestate; and

refused to permit the defendant to prove, by parol evidence, the conditions of sale agreed upon by the parties when the contract was made and the note executed. The receipt shows, on its face, that the amount specified was credited on the note; and the statement that the same "is in part payment of a girl named Emma," is, in our opinion, merely to be viewed as a recital of the consideration on which the note was given, and does not by any means conclusively indicate that the receipt itself was intended as a complete expression of the contract between the parties.—*Self v. Herrington*, 11 Ala. 489; *Brown v. Isbell*, ib. 1109; *Western v. Pollard*, 16 B. Monroe, 315; *Knight v. Knotts*, 8 Rich. 35. Considering the language of this instrument, and the time and manifest purpose of its execution, it would be unreasonable to treat it as a bill of sale, operating an absolute transfer of the title, and shutting out all parol evidence of the conditions of the sale.

In like manner, the subsequent receipts, under date of June 31st, 1856, and April 7th, 1857, merely serve to prove, in addition to the fact of payment of the specified sums, the further fact that the consideration of the note was the sale of the girl Emma. They do not, however, establish the terms and conditions of the sale; and, as there was no written evidence of these, it was competent to prove them by parol evidence.—Authorities *supra; Barlow v. Fleming*, 6 Ala. 146; *Hogan v. Reynolds*, 8 Ala. 60; *Newton v. Jackson*, 23 Ala. 355; *Webster v. Hodgkins*, 5 Foster, 128; *The Alida*, 1 Abb. Adm. 73; *Filkins v. Whyland*, 24 Barb. 379.

As the rulings of the circuit court were inconsistent with these views, its judgment must be reversed, and the cause remanded.