[Shriner v. Meyer.]

# Shriner *v.* Meyer.

## *Trover.*

(Decided Feb. 9, 1911.   55 South. 156.)

1. *Sales; Bill of.*—The purported receipt in this case examined and stated and held to constitute in legal effect a bill of sale.

2. *Same; Delivery.*—The delivery of receipt in this case held to be tantamount to a bill of sale, transferring title to the property covered thereby.

3. *Same; Constructive Delivery; Intent.*—While actual delivery is of the greatest importance in determining whether there was an intent to pass title, yet there may be a constructive delivery, and the intent of the parties is conclusive on the question as to whether title passed, however that intent may be disclosed.

4. *Evidence; Parol to Vary Writing.*—The writing in this case stated and examined and held to be bill of sale evidencing the contract between the parties, with the presumption that it was complete and fully disclosed the intention of the parties, and hence, could not be varied or added to by parol testimony.

5. *Same; Reformation of Instrument.*—The rules of evidence obtaining in trover do not differ from those enforced in courts of law in other. cases, although trover is in some respects an equitable action, and hence, a written contract unimpeached for fraud or mistake may not be added to or varied by parol in an action of trover, under the equitable remedy of reformation.

6. *Trover and Conversion; Demand; Necessity.*—Where a bailee wrongfully assumed control over property by selling it, thereby repudiating his obligation as bailee to the exclusion of plaintiff's right, no demand  is necessary before bringing trover, although generally, a demand prior to suit is necessary.

7. *Mortgages; Bill of Sale as; Evidence.*—Where S. executed to R. a bill of sale for certain goods and R executed one to G. and G. to M.. S. cannot show that his bill of sale to R. was really a mortgage of which G had notice, and that M. had sold the other goods to G. on credit for an amount sufficient to cover S.'s debt to R., as such defense involved the varying of a bill of sale by parol evidence.

8. *Witnesses; Cross Examination; Credibility.*—As an excessive use of intoxicants frequently impair the memory and affect the credibility it is proper as a test of the accuracy and reliability of a witness to permit him to be asked on cross examination if he was not a man who drank a great deal at the time of the transaction in question.

9. *Trial; Objections to Evidence; Responsiveness.*—Only the party asking a question can object to the answer's want of responsiveness, and hence, if the answer to a question is relevant to any of the is-

[Shriner v. Meyer.]

sues, it need not be excluded on the objection of the other party because not responsive.

10. *Appeal and Error; Harmless Error; Evidence.*—Where, after proper ruling by the court there remained nothing in dispute in the case that was material to the issues, it was harmless error to exclude certain competent evidence as it is impossible to say that the result would have been otherwise if the testimony had not been excluded.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Trover by Henry C. Meyer against W. A. Shriner. Judgment for plaintiff, and defendant appeals. Affirmed.

FREDERICK G. BROMBERG, for appellant. Trover is an equitable action.—*Bates v. Murphy,* 2 S. & P. 171. A conversion upon which trover may be had must be a tortious act. Neglect or nonfeasance will not do it.— *Bolling v. Kirby,* 90 Ala. 222. The gist of the action is the conversion.—*King v. Franklin,* 132 Ala. 565. Plaintiff must have a right to the property itself as distinguished from a mere lien.—*Henderson v. Pilley,* 131 Ala. 551. Plaintiff must prove property and right of possession in himself at the time of the conversion.— *Johnson v. Wilson,* 137 Ala. 468. *Graham's was* an out and out purchase.—*Foley v. Felrath,* 98 Ala. 180. Delivery is essential to complete a sale of chattels and vest the legal title in the purchaser.—*Allen v. Maury,* 66 Ala. 10. Under the facts in this case title was not vested.—*Edwards v. Meador,* 71 Ala. 42. A demand was necessary.—*Dixie v. Harrison,* 50 South. 284.

GORDON & EDINGTON, for appellee. Counsel discuss assignments of error relative to evidence, but without citation of authority. The writing was not open to contradiction by parol.—*Couch v. Woodruff,* 63 Ala. 473; *Green v. Casey,* 70 Ala. 417.

SAYRE, J.—This suit was prosecuted by Meyer against Shriner. There were three counts in the complaint. The case being tried by the court without a jury, the judgment was that plaintiff have and recover under the third count, which was a count in trover. The subject of controversy was a plate glass refrigerator, or ice box, and three show cases. As well as we have been able to define the situation to which the bill of exception relates, plaintiff sought to recover on the following facts to support which he offered evidence: Defendant had bought a stock of goods, which included the articles in suit. He disposed of these articles, along with a cash register and a pair of scales, to one Richards for a consideration presently paid, agreeing to keep them stored subject to Richards' order. Afterwards Richards sold them to Graham, who, in turn, sold them to plaintiff. Still later, and before this suit was brought, defendant sold the refrigerator to the Partridge-Mickle Grocery Company, and caused the show cases to be removed to the storehouse of the Stikes Hardware Company, where, when that company went into bankruptcy, they passed again into the hands of Richards, who purchased that company's stock of goods and fixtures at the sale ordered by the bankruptcy court.

There are many assignments of error, but the appeal is grounded upon a smaller number of general propositions which will be noticed.

Appellant insists that, since possession of the property was left with him, plaintiff got no title on which to rest his action of trover; for in trover the plaintiff must have a right of property and a right of possession to support his action.

When defendant sold to Richards, he executed and delivered a paper writing as follows: "Received from A. A. Richards $110.00 One Hundred and ten Dollars

for 1 National Cash Register, 3 show cases, 1 plate glass ice box, 1 pr. Crombo scales, stored at N. E. Corner Warren & Dauphin Sts. W. A. Shriner." This paper, though in form a receipt, was in legal effect a bill of sale evidencing the contract between the parties, and it was not permissible to add to it additional stipulations by parol; for it must be presumed that the writing was complete and fully discloses the contract upon which the parties intended to enter.—*Bush v. Bradford,* 15 Ala. 317; *Whitman v. Revels,* 39 Ala. 121.

It might have been shown that there was no intention to deliver the bill of sale, though placed in the possession of Richards, but, delivery of the bill of sale being shown without dispute, that delivery had of itself the legal effect of transferring the title to the property. —*Morgan v. Smith,* 29 Ala. 283. When Richards sold to Graham who was doing business as the Marine Street Pharmacy, he wrote upon this bill of sale "Transferred to Marine St. Pharmacy." When Graham sold to plaintiff, a more formal bill of sale was executed, so that the right of property and immediate possession did pass by each of these transactions into the successive vendees, and finally into plaintiff.

Trover is in some respects an equitable action. In *Bates v. Murphy,* 2 Stew. & P. 165, it was held that in trover by a mortgagee against a mortgagor the court, being competent to investigate the justice and equity of the case, would limit a recovery to the amount of the debt secured, rather than allow a judgment for the full value of the property on a principle similar to that by which courts of law sustain the defense of partial failure of consideration when an action is brought to recover purchase money. The opinion .in that case hardly goes far enough to serve appellant's purpose. It does not hold that the rules of evidence obtaining in

the trial of actions of trover differ from those rules which are enforced by the courts of law in other cases, or that the .equitable remedy of reformation may be had in the action of trover. Neither that nor any other case to which we have been referred holds that the terms of a written contract, unimpeached for fraud or mistake may be added to by parol.

On the authority of *Edwards v. Meadows,* 71 Ala. 42, appellant argues that plaintiff got no right of property because, to quote the case relied upon, "where a vendor makes sale of personal property in the custody of a third person, who is his bailee, and gives a delivery order to the vendee, it has long been settled that this will not amount to a delivery so as to vest the title in the vendee until the order is presented and such third person agrees to become the bailee of the purchaser, expressly or impliedly." In that case, and in the cases there cited, the question was not about any right of a bailee to resist the true owner's demand for possession, but was whether the mere giving of a delivery order without more was effectual to transfer title. In *Bentall v. Burn,* 3 Barn. & C. 423, the defendant was sued in assumpsit for the price of a hogshead of wine, bargained, sold and delivered. The wine at the time was in a warehouse. It was noted that there was no contract in writing. In section 175 of Benjamin on Sales the effect of the decision is thus stated: "*In Bentall v. Burn* the King's Bench held that a delivery order given to the purchaser of wine did not amount to an actual acceptance (receipt?) by him, until the warehouseman accepted the order for delivery, and thereby assented to hold the wine as agents of the vendee." In *Barney v. Brown,* 2 Vt. 374, 19 Am. Dec. 720, it was held that a sale of 11 sheep out of a larger number then in the keeping of a third person whom the vendee asked to select

[Shriner v. Meyer.]

the 11, which was done, constituted a delivery as against creditors of the vendor, although the sheep remained in the keeping of the third person.

Actual delivery is considered as of the greatest importance in determining whether there was an intention to pass title, but there may be a constructive delivery, and the intention of the parties, however disclosed, is conclusive on the question whether title has passed.— *Shealy v. Edwards*, 73 Ala. 175, 49 Am. Rep. 43. And so in *Edwards v. Meadows, supra,* where the suit was for the price of a machine at the time of the transaction in the hands of Brooks, a third person, the defendant had received a delivery order, but at last had refused to take the machine. The court said : "The mere giving of the delivery order, without more, did not transfer the title of the property, or amount to a delivery, unless so intended mutually by the parties, and such intention must be evidenced by proper proof, circumstantial or direct. When the order was presented to Brooks, if he had consented to attorn to Meadows so as to become his bailee, the delivery would have been complete." We are of opinion that defendant's attack upon plaintiff's right of property and possession has failed.

Again, appellant insists that plaintiff was not entitled to recover for the reason that no demand was made upon him for the property prior to suit brought, and that, since his possession was acquired rightfully, a demand was necessary to convert his holding into the positive tortious act which is an essential ingredient of conversion. Generally in such cases a demand is necessary.—*Moore v. Monroe Refrigerator Co.,* 128 Ala. 621, 29 South. 447. But here defendant, by disposing of the property, had repudiated his obligation as bailee, and had wrongfully assumed dominion and control over it to the exclusion of the rights of Richards and those who

might claim under him, including the plaintiff, and the plaintiff was entitled to recover in trover, if at all, upon that conversion then past cure except by a judgment awarding damages.—*Brown v. Beason*, 24 Ala. 466; *Rhodes v. Lowry*, 54 Ala. 4; *Dixie v. Harrison*, 163 Ala. 304, 50 South. 284.

Many questions were put to appellant and to other witnesses with the purpose, as it appears to us, of showing that the bill of sale to Richards was intended to operate as a mortgage, and that Graham had notice of the fact. For reasons already stated, the court properly sustained objections to these questions.

As has already been stated, plaintiff traced his title to the goods back to the defendant through Graham and Richards. It appeared that defendant had sold to Graham the cash register and pair of scales mentioned in the bill of sale to Richards.

Proceeding, as we gather, upon the theory that Richards was a mortgagee rather than a vendee, and that plaintiff could not have any better right or title to the goods than Graham, defendant sought to prove Graham's indebtedness to him on account of the cash register and scales in an amount sufficient to satisfy the defendant's indebtedness to Richards, and in connection therewith that Graham had notice of the fact that defendant's transaction with Richards was a mortgage rather than an out and out sale. Here is a recurrence to the idea that trover is an equitable action. Whatever else may be said of this defense in other respects, it is enough to say that it rests upon the proposition that defendant was entitled to vary the bills of sale, and this he could not do.

After Richards had testified to his transaction with appellant, the latter on cross-examination asked the witness: "Weren't you a man who drank a great deal?"

[Shriner v. Meyer.]

The witness replied: "That don't make any difference how much I drink. I am not drinking now." On plaintiff's motion this answer was excluded. Appellant assigns this for error. The excessive use of intoxicating drinks frequently impairs the memory, and so in a way affects credibility. No doubt the question on cross-examination was a proper test of the accuracy and reliability of the witness.

And, if the answer to appellant's question was relevant to any issue in the cause, it could not be excluded on plaintiff's motion because not responsive. That objection was open only to the party asking the question. But it is not easy to see how the answer was of advantage to appellant. The witness said that he was sober at the time of the examination, and seemed to resent any inquiry as to his previous indulgences. It seems doubtful that this may be taken as an admission on the part of the witness that at any time he had drank a great deal.

But, however that may be, after the court's rulings on other questions of evidence, in which we have found no error, there remained nothing in dispute that was material to the issue between the parties. In this state of the case it is impossible to say that the result would have been otherwise if this testimony had not been excluded. The conclusion and judgment of the court must therefore be affirmed.—*National Bank of Talladega v. Chaffin*, 118 Ala. 246, 24 South. 80.

Affirmed.

DOWDELL, C. J., and ANDERSON, and SOMERVILLE, JJ., concur.