(76 South. 973)
OWINGS LUMBER CO. v. REFORM FEED & COMMISSION CO. et al.   (6 Div. 641.)
(Supreme Court of Alabama.   Nov. 15, 1917.)

1. DETINUE ☞22—PREVIOUS SALE OF LUMBER—QUESTION FOR JURY.
In detinue for a carload of lumber, whether or not the original owner had sold the lumber to plaintiff before its sale to defendants *held* for the jury under the evidence.

2. DETINUE ☞18—EVIDENCE—MORTGAGE.
In detinue for a carload of lumber, the trial court erred in not permitting plaintiff to introduce its mortgage on all timber on certain land, in connection with proffered proof that the lumber came off such land; the mortgage conveying a legal title to plaintiff, and maturing before suit was brought.

3. SALES ☞235(4)—RECORD OF TIMBER MORTGAGE—CONSTRUCTIVE NOTICE TO PURCHASER.
Record of a mortgage of timber on certain land was constructive notice of it, and should have put the corporation buying lumber cut from the land upon inquiry as to whether or not the lumber was made from the timber conveyed in the mortgage.

4. DETINUE ☞18—EVIDENCE—MORTGAGE.
In detinue for a carload of lumber, where plaintiff claimed the lumber was sold to it as partial payment of former owner's mortgage indebtedness, the mortgage on the timber on the land from which the lumber was cut was competent evidence, though not such as to convey legal title as against subsequent purchasers.

Appeal from Circuit Court, Pickens County; A. H. Alston, Judge.

Detinue by the Owings Lumber Company against the Reform Feed & Commission Company and others for a carload of lumber. From a judgment for defendants, plaintiff appeals. Transferred from the Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

M. B. Curry, of Carrollton, for appellant. Robert E. Skinner, of Carrollton, for appellees.

ANDERSON, C. J.   Both parties claimed title under "Newell," and the plaintiff proved a sale from Newell during the latter part of April or first of May of the lumber in question. True, this was denied by Newell, who claimed to have sold the same to the defendants the 3d of June, under a bill of sale, which seems not to have been set out in the bill of exceptions, and the witness Newell admitted, upon cross-examination, that he did not know whether the bill of sale included the lumber in question or not. The trial court committed reversible error in giving the general charge for the defendants.

[1] If Newell sold the lumber to plaintiff, he had no right to subsequently sell it to the defendants, and it was for the jury to determine whether or not Newell had made a previous sale to the plaintiff. Shriner v. Meyer, 171 Ala. 112, 55 South. 156, Ann. Cas. 1913A, 1103; Shealy v. Edwards, 73 Ala. 175, 49 Am. Rep. 43.

[2] The trial court also erred in not permitting the plaintiff to introduce its mortgage on all timber on certain land in connection with the proffered proof that the lumber in question came off of said land. The mortgage conveyed the legal title to the plaintiff, and matured December, 1914, before the suit was brought and would support the plaintiff's right to recover independent of the sale to it unless the defendants could show that it was not binding upon them.

[3] The mortgage was recorded and this was constructive notice of same and should have put the defendant upon inquiry as to whether or not the lumber was made from the timber conveyed in the mortgage.

[4] Moreover, if the mortgage was not such as to convey a legal title as against the defendants or a subsequent purchaser, for any reasons that may have been subsequently brought out, it was competent in connection with the plaintiff's proof of a sale to it of the lumber by Newell, as it was claimed that the lumber was so sold as a partial payment of the mortgage indebtedness.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.