(94 South. 88)

### CAPITOL LUMBER CO. v. MULLINIX.
### (6 Div. 236.)

(Supreme Court of Alabama. Oct. 26, 1922.)

1. **Sales ☞215—Part payment and delivery of bill of sale transfers title, though actual delivery not yet made.**

Under a contract for the purchase of lumber, after it was measured the vendor was to give a bill-of sale and receive part payment, full payment to be made upon delivery at the direction of the purchaser. *Held*, that, upon delivery of the bill of sale and part payment, full, legal, and equitable title passed to the purchaser, notwithstanding delivery had not yet been made.

2. **Evidence ☞441(9)—After title has passed, the vendor cannot assert parol agreement to contrary effect.**

Where part payment and delivery of a bill of sale has actually transferred title to vendee, the vendor is not permitted to say that there was a parol agreement or understanding contradictory of that result.

3. **Sales ☞215—Bill of sale gives right to immediate possession.**

A bill of sale, not only transfers title to vendee, but clothes him also with right to immediate possession.

4. **Evidence ☞462, 471(29)—Oral testimony held inadmissible as contradicting written contract to purchase lumber and as conclusions of witness.**

In an action on a contract for the purchase of lumber under which, after it was sawed, the lumber was to be measured by the purchaser's agent and a payment of $6 per thousand made and a bill of sale delivered and full payment made on delivery, testimony by the purchaser's agent that the $6 per thousand payment was made as a loan on the lumber and the bill of sale was delivered as security, *held* improper and inadmissible as being conclusions of the witness and as tending to vary the plain language and legal effect of a written contract.

5. **Corporations ☞657(7)—Possible fraud on state by corporation doing business within it when unlicensed does not affect its business transactions with others.**

If corporation, by doing business within the state without complying with Code 1907, §§

3642–3648, thereby works a fraud upon the state, it is a matter between the corporation and the state, and has no legal effect on business transactions subsequently occurring between such corporation and others in the state.

6. **Corporations ☞657(7) — Property right from executed contract valid though contract made by corporation not licensed in the state.**

Property rights resulting from an executed contract are enforceable by possessory actions, notwithstanding the original invalidity of a contract by reason of noncompliance with Code 1907, §§ 3642–3648, prohibiting doing business in state without compliance.

7. **Sales ☞215—Property rights of buyer in lumber under executed contract held not affected by vendor's collateral duty to load it on cars.**

Under a contract for the purchase of lumber, the title and right to possession of which were based upon part payment and delivery of the bill of sale, such rights were not affected by the fact that the purchaser might at his option require the vendor to load the lumber on cars, since such duty was contingent, collateral, and subsequent to the acts specified as effecting a transfer of property rights.

8. **Sales ☞400—In detinue to recover possession of lumber under executed contract, validity of the contract not questionable.**

An action of detinue, to recover possession of certain lumber, the title to which passed to plaintiff under contract by part payment and delivery of a bill of sale, is not an action on an executory contract, but one merely to enforce possessory rights already acquired under an executed contract, the validity of which cannot be questioned in such action.

Appeal from Circuit Court, Pickens County; R. I. Jones, Judge.

Detinue by the Capitol Lumber Company against J. F. Mullinix. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Patton & Patton, of Carrollton, and H. A. & D. K. Jones, of Tuscaloosa, for appellant.

Oral testimony is admissible to explain and make certain the meaning of a written contract. 147 Ala. 216, 40 South. 576, 119 Am. St. Rep. 78; 183 Ala. 639, 62 South. 774; 115 Ala. 138, 21 South. 983; 70 Ala. 136; 104 Ala. 116, 16 South. 148. Delivery of the bill of sale had the legal effect of transferring title to the property, and parol evidence is not admissible to vary the same. 29 Ala. 283; 171 Ala. 112, 55 South. 156, Ann. Cas. 1913A, 1103; 34 Ala. 613. Defense that original contract was void, because plaintiff was not authorized to do business in Alabama, not available, where contract has been executed. 101 Ala. 261, 13 South. 145; 91 Ala. 319, 8 South. 656; 88 Ala. 282, 7 South. 196; 117 Ala. 680, 23 South. 751; 152 Ala. 619, 44 South. 591; 116 Ala. 150, 23 South. 88; 116

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Ala. 192, 23 South. 56; 147 Ala. 268, 41 South. 678; 98 Ala. 577, 12 South. 424.

Harwood, McKinley, McQueen & Aldridge, of Tuscaloosa, and James J. Mayfield, of Montgomery, for appellee.

Doing business in Alabama without complying with the requirements of the statute, appellant committed a fraud on the state, and its contracts are void. Const. § 232. Code 1907, §§ 3642, 3644, 3647, 3653; 82 Fla. 79, 89 South. 352; 5 Ala. 199; 204 Ala. 689, 87 South. 176. The transaction being tainted with fraud, appellee could show that bills of sale were executed as security for money loaned or advanced. Code 1907, §§ 3651, 3653; 5 Ala. 199; 204 Ala. 689, 87 South. 176. The proof showing appellant's failure to comply with the conditions to do business in Alabama, and that the contract was executory, appellee was due the general charge. 176 Ala. 231, 57 South. 762; 174 Ala. 526, 56 South. 961; 162 Ala. 396, 50 South. 341; 198 Ala. 135, 73 South. 403; 188 Ala. 250, 66 South. 438.

SOMERVILLE, J. Plaintiff sues defendant in an action of detinue to recover possession of certain lumber described in the complaint.

Plaintiff is a foreign corporation, and defendant owns and operates a sawmill in Pickens county, Ala. Plaintiff and defendant entered into a written contract by which the former agreed to buy, and the latter agreed to sell, all of the No. 1 and No. 2, common yellow pine lumber manufactured by defendant at his mill during the period between December 15, 1916, and January 1, 1918, running at its then capacity—the lumber to be cut, as to size and length, according to the purchaser's directions, and the prices to run from $11 to $14, accordingly.

After being sawed, the lumber was to be piled on sticks, and immediately after the first Tuesday in each month the lumber was to be counted by the purchaser's agent, whereupon the seller was to give to the purchaser a bill of sale therefor, and an affidavit showing that it was free from all liens, and also to procure a policy of insurance thereon against fire; and, upon the delivery to the purchaser of the said several documents, together with said agent's certificate as to the amount of the lumber, it was stipulated that the purchaser should pay to the seller "the sum of $6 per thousand feet for all such lumber, and such lumber shall immediately become the property of the first party [the purchaser]."

Upon the loading of the lumber on the cars for shipment to the purchaser, the waybill was to be immediately forwarded to it, and, on receipt of the waybill and the shipment, the purchaser was to pay to the seller the full amount of the purchase price.

The lumber in suit was sawed and piled by defendant, and checked up by the Jones Lumber Company, as plaintiff's agent, to whom defendant then delivered the several bills of sale executed by him to plaintiff; and the lumber was left where it lay in defendant's yard at his mill.

It is shown without dispute that the plaintiff corporation had not complied with any of the statutes of Alabama, which, without such compliance, inhibit the doing of business within the state by foreign corporations. And defendant denies plaintiff's right of recovery in this action on the theory that the execution of the contract of purchase and sale involved the doing of business by plaintiff within the state, and was not a transaction of interstate commerce; and that, notwithstanding the execution and delivery by defendant to plaintiff of the several bills of sale to the lumber, the contract of sale remained executory and unenforceable.

The contention last stated is based upon the testimony of the witness R. G. Jones, of the Jones Lumber Company, above referred to, who transacted all of plaintiff's business with defendant, including the checking of the lumber, the reception of the bills of sale, and the payment of the sum of $6 per thousand feet on the lumber thus checked and transferred.

This witness stated, on cross-examination by defendant's counsel, that the money thus paid "was an advance or you could call it a loan; it was partial payment for the lumber"; and, further, that he "took the bills of sale as security for the advance or loan." The questions which elicited this testimony were duly objected to by plaintiff's counsel on the grounds, among others, that they called for the conclusion of the witness, and sought to contradict or vary by parol evidence the terms of a written instrument, which objections were overruled.

The trial judge adopted defendant's view of the case, and gave for him the general affirmative charge.

### Opinion.

[1] By the terms of the written contract between the parties, defendant's execution of the several bills of sale vested in plaintiff the full title, legal as well as equitable, to the several lots of lumber described therein.

[2, 3] Moreover, the delivery of a bill of sale has, of itself, the legal effect of transferring the title from the vendor to the vendee, and the law will not permit the vendor to say that there was a parol agreement or understanding contradictory of that result. Shriner v. Meyer. 171 Ala. 112, 55 South. 156, Ann. Cas. 1913A, 1103; Morgan v. Smith, 29 Ala. 283; Thomason v. Dill, 30 Ala. 444. And such a bill of sale not only transfers title to the vendee but clothes him also with the right of immediate possession. Shriner v. Meyer, supra.

[4] Very clearly, the cross-testimony of plaintiff's witness Jones, that he took the bills of sale on behalf of his principal, as security for the amounts of purchase price paid on the lumber, expressed the mere conclusion of the witness, which was unauthorized and inadmissible; and very clearly, also, that testimony was a flagrant contradiction of the plain language and legal effect of those instruments, especially when read in connection with the contract in chief, pursuant to which, and in execution of which, they were given. In an action at law, as often declared, such evidence is not admissible for that purpose. Bates v. Crowell, 122 Ala. 611, 25 South. 217. The trial court erred in admitting it over plaintiff's apt objections.

[5] As we understand the contentions of counsel for defendant, the foregoing principles are not denied, but it is conceived that they are inapplicable because of the alleged fraudulent conduct of plaintiff in covertly doing business in Alabama without discharging the statutory duties imposed upon foreign corporations as a condition thereto, including the payment of a license tax. Designating plaintiff's omission in that regard as a fraud on the state, and invoking the general rule that no right of action can be predicated upon a fraud, defendant deduces the conclusion that even an executed title, growing out of a contract to do business within the state, in the manner here shown, is tainted by the fraud thus practiced on the state, so that it cannot support a recovery of the property in question.

Conceding, without deciding, that plaintiff's noncompliance with the statutes referred to was in fact a fraud upon the state, that is a matter between plaintiff and the state alone, and has no legal relation to the business transactions subsequently occurring between plaintiff and defendant.

[6] The rule is well and soundly established that, when a contract has been fully executed by the parties, resulting property rights are enforceable in the courts by possessory actions, notwithstanding the original invalidity of the contract by reason of the plaintiff corporation's noncompliance with the statutory requirements above referred to. Code, §§ 3642–3648; Gamble v. Caldwell, 98 Ala. 577, 12 South. 424; Craddock v. A. F. L. M. Co., 88 Ala. 281, 7 South. 196; Sherwood v. Alvis, 83 Ala. 115, 3 South. 307, 3 Am. St. Rep. 695; A. J. Cranor Co. v. Miller, 147 Ala. 268, 41 South. 678; Kindred v. N. E. M. S. Co., 116 Ala. 192, 23 South. 56; Russell v. Jones, 101 Ala. 261, 13 South. 145.

[7] So far as the lumber in suit is concerned, the executory contract for its purchase and sale was fully executed by the several bills of sale delivered by defendant to plaintiff, by which the title was passed, delivery constructively made, and the right to immediate possession given. Nor was that result in any wise affected by the fact that plaintiff (the vendee) might at his option require defendant (the vendor) to load the lumber on the cars—a duty which was contingent, collateral, and subsequent to the acts which were specified in the contract as effecting a transfer of property rights.

[8] This action is in no sense an attempt to enforce any provision or provisions of an executory contract, but merely to enforce possessory rights which have been created and which now exist by the voluntary acts of the parties; and now having fully performed his own obligations, and accepted performance also on the part of plaintiff, it is too late to raise the question of the original invalidity of the contract under which they had proceeded.

In our view of the case, as above presented, it is unnecessary to consider whether or not the performance of the contract of purchase and sale involved the doing of business within the state, or was interstate commerce in such sense as to remove it from the operation of state laws, since these questions are wholly immaterial in the case of executed contracts.

The rulings of the trial court were not in accord with the conclusions above stated, and the judgment must be reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.