## David H. Goldsmith, Appellant, v. Standard Automatic Machine Company, Appellee.

### Gen. No. 29,313.

1. HARMLESS ERROR—*harmlessness of admission of incompetent evidence where competent evidence sufficient to justify verdict.* When there was sufficient proper evidence in a trial before the court without a jury to justify a verdict in a trial by the court without a jury the admission of incompetent evidence will not be ground for reversal.

2. EXAMINATION OF WITNESSES—*limiting cross-examination to matters elicited on direct examination.* Where evidence sought to be brought out by plaintiff upon cross-examination of a witness was as to a transaction about which he had not been questioned upon direct examination, an objection thereto on the ground that it was not proper cross-examination was properly sustained.

3. APPEAL AND ERROR—*refusal to decide unnecessary questions.* In a replevin action to recover possession of a machine taken by defendant under the terms of a chattel mortgage it is unnecessary to determine on appeal whether the contract was void because defendant was not licensed to do business in the State, the contract having become an executed one upon defendant taking possession under the mortgage.

4. CHATTEL MORTGAGES—*validity of executed chattel mortgage to unlicensed foreign corporation.* A chattel mortgage taken by a foreign corporation and foreclosed is an executed contract not subject to the provisions of a State statute which requires a license to do business in the State.

Appeal by plaintiff from the Municipal Court of Chicago; the Hon. PETER H. SCHWABA, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1924. Affirmed. Opinion filed January 26, 1925.

CHURCH, HAFT & ROBERTSON, for appellant.

DEMING, JARRETT & MULFINGER, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

The plaintiff below is the appellant in this court.

The action was in replevin to recover the possession of an automatic filling machine, a capping machine and a conveyor, stated to be of the value of $8,000. The statement of claim was in the usual form. It alleged that plaintiff was the owner of the machinery and that the same had been wrongfully taken and converted by the defendant. The affidavit of merits justified the alleged wrongful taking by setting up a chattel mortgage in and by which plaintiff had conveyed to the defendant the property in question to secure certain notes for the purchase price. Default in the payment of part of these notes was averred and it was also alleged that the defendant had taken the property while lawfully foreclosing the mortgage.

The trial was by the court without a jury and the court found the right of possession in the defendant, entered judgment on the finding and awarded a writ of *retorno habendo* for the property.

The plaintiff first argues that the trial court admitted incompetent evidence, but, as the trial was by the court without a jury, such error, even if conceded, will not reverse where there is sufficient proper evidence to justify the verdict. *Kreiling v. Nortrup*, 215 Ill. 195; *Pratt v. Davis*, 224 Ill. 300.

It is also urged that there was error by the trial court in refusing to receive competent evidence offered in behalf of the plaintiff. The record shows that the evidence concerning which the plaintiff complains was sought to be elicited upon the cross-examination of plaintiff's witness and referred to a transaction concerning which the witness had not been questioned on his original examination, and the objection made that this was not proper cross-examination, was therefore, we think, properly sustained.

Certain propositions of law were presented to the court on plaintiff's behalf, all based upon the theory that the contract for the sale of the property from defendant to plaintiff was illegal and void because

defendant was a foreign corporation and was doing business in this State without complying with the statute requiring it to take out a license before transacting such business.

The defendant contends that the propositions were properly refused because the transaction in question was one in interstate commerce and under the more recent decisions of the Supreme Court of the United States we are inclined to agree with this contention. *York Mfg. Co. v. Colley,* 247 U. S. 21; *Dahnke-Walker Milling Co. v. Bondurant,* 257 U. S. 282. This point, however, we do not deem it necessary to pass on, the undisputed fact in the case showing that, upon taking possession of the goods and chattels described in the mortgage, the contract between defendant and plaintiff ceased to be executory and became an executed one.

It is to be noticed that the defendant foreign corporation does not bring the suit but, on the contrary, the suit is by the plaintiff purchaser for the purpose of enforcing his alleged possessory rights with reference to this property. The question, therefore, as to whether the original contract or even the mortgage might have been avoided by him had a proceeding been brought upon either one of them, is not, we think, material.

That a chattel mortgage taken by a foreign corporation and foreclosed is an executed contract not subject to the provisions of a State statute which requires a license, has been held in several well-considered cases (see *Hardison v. Plummer,* 152 Ala. 619; *Gamble v. Caldwell,* 98 Ala. 577), and the same principle of law is approved in *Capital Lumber Co. v. Mullinix,* 208 Ala. 266, 94 So. 88.

We think the finding and judgment of the trial court was right upon clear and plain principles, and the judgment is affirmed.

*Affirmed.*

McSurely, P. J., concurs.

Mr. Justice Johnston, specially concurring.    I concur in the conclusion reached by the majority of the court, but I disagree with the majority of the court as to the reasons given for the opinion. In my view the plaintiff has assumed directly opposite positions in the action, and for that reason he cannot maintain his action. He cannot, as he has done, treat the contract as being both valid and void. By analogy such a position would be in violation of the rule of election of remedies, which is to the effect that a suitor is not permitted to invoke the aid of the courts upon contradictory principles or theories based on one and the same set of facts. 20 Corpus Juris, sec. 6, p. 5. Under this rule it has been held that a party may not bring an action on a contract as an existing obligation, and also sue to obtain a rescission of the contract for fraud. 9 Ruling Case Law, sec. 12, pp. 965, 966.

I think that the sale and chattel mortgage constituted one transaction; and that assuming for the sake of argument that the defendant was doing business in the State of Illinois without a license, in violation of the statute, the transaction in question was void as to the defendant. *Cincinnati Mut. Health Assurance Co. v. Rosenthal,* 55 Ill. 85; *United Lead Co. v. Reedy Elevator Mfg. Co.,* 222 Ill. 199; *Finch & Co. v. Zenith Furnace Co.,* 245 Ill. 586; *Ryerson & Son v. Shaw,* 277 Ill. 524; *Indiana Harbor Belt Ry. Co. v. Green,* 289 Ill. 81; *Wm. R. Johnston Mfg. Co. v. Automotive Material Co.,* 232 Ill. App. 532; and voidable as to the plaintiff. *Ryerson & Son v. Shaw, supra* (p. 530). By claiming the right to the possession of the property in the action of replevin, the plaintiff by necessary implication elected to hold the sale valid. He cannot, therefore, in my opinion, consistently maintain that the chattel mortgage, which is part of the same transaction as the sale, and which the defendant has set up in bar of the right of the plaintiff

to recover the possession of the property, is void. Furthermore, I do not agree with the opinion of the majority of the court that even though the sale and chattel mortgage should be held to be in violation of the Illinois statute prohibiting foreign corporations from doing business in the State without a license, since the contract is not an executory one, but has been executed by the foreclosure of the chattel mortgage, the plaintiff is estopped from denying the validity of the contract. If the contract comes within the statute prohibiting foreign corporations from doing business in this State without a license, the contract is void as to the defendant and voidable as to the plaintiff, and I think that the plaintiff could elect to avoid the contract even though the foreclosure of the chattel mortgage may be considered as an execution of the contract.

In the case of *Wm. R. Johnston Mfg. Co. v. Automotive Material Co., supra,* we held that the statute is one of public policy wholly independent of individual rights, and that the operation of the statute could not be changed or affected by individual rights; that a right asserted by an individual against a foreign corporation in connection with the statute is not a right granted by virtue of any provisions of the statute, but is a right that follows as a necessary logical incident from the fact that a contract entered into by a foreign corporation in violation of the statute is null and void as to the corporation.

I am of the opinion, however, as previously stated, that a party who may assert a right against a foreign corporation in regard to a contract that may be voidable as to the party as a logical consequence of the statute cannot, as the plaintiff in the case at bar has done, maintain that the contract is valid and also that it is void. Whether the plaintiff may elect to hold the transaction in question void and be restored to his *status quo* before the transaction in an equitable proceeding, I express no opinion.