This appeal arises out of a tort action brought by Sharon Dorsey against Latasha R. Greene in the Montgomery Circuit Court resulting from an automobile collision occurring at the intersection of Vaughn Road and Eastern Boulevard in Montgomery; Dorsey alleged that Greene's vehicle had collided with the rear of her vehicle as a result of Greene's negligence or wantonness and had caused her to be injured. After an ore tenus proceeding, the trial court entered a written judgment finding in favor of Greene; the trial court subsequently denied Dorsey's motion to alter, amend, or vacate the judgment or, in the alternative, for a new trial. Dorsey appealed, and the Alabama Supreme Court transferred the appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975. We affirm in part, reverse in part, and remand with instructions.
The record reveals that on the afternoon of August 11, 2002, on East Boulevard near its intersection with Vaughn Road, Dorsey's automobile was struck from the rear in one of two southbound lanes by an automobile operated by Greene. According to Dorsey's testimony, the collision immediately caused her to suffer back pain; however, she refused an offer by police officers to summon paramedics or an ambulance to transport her to a hospital because she did not want to leave her nephew, who was either five or six years old and who had been a passenger in Dorsey's automobile. Instead, Dorsey was taken to a local hospital by the child's mother later that afternoon.
After Dorsey testified to having been taken to the hospital, her attorney offered into evidence the emergency-room records and itemized billing statements pertinent to her treatment on that day. Counsel for Greene objected to the admission of those records on two bases: because the records were not identified as exhibits within 14 days before trial (which, counsel argued, amounted to a violation of the trial court's pretrial scheduling order) and because no expert testimony supported the propositions that the expenses incurred were proximately caused by Greene's conduct or were reasonable and necessary. Although the trial court initially indicated that it would exclude the records from evidence *Page 123 
on the basis of the claimed violation of the scheduling order, the trial court later relented as to that issue and apparently allowed the records into evidence, over the objections of counsel for Greene, despite the absence of evidence of reasonableness or causation.
After the records were admitted into evidence, Dorsey continued her testimony. Dorsey testified that she had been unable to perform her job duties for three days following the collision and that she had therefore lost $138. Dorsey also testified that she had gone to an injury-and-pain clinic for further treatment within a week or two of the collision. At that point in the trial, Dorsey's attorney requested that the trial court admit into evidence the deposition of Dorsey's treating chiropractor, at which time counsel for Greene objected, asserting that a transcript of a chiropractor's deposition could not be admitted into evidence under Rule 32(a)(3)(D), Ala. R. Civ. P.[1]
The trial court indicated agreement with the position of Greene's counsel and intimated that Dorsey should secure live testimony from the treating chiropractor.
Dorsey then continued her trial testimony. On direct examination, she testified that she had been released from her chiropractor's care in August 2002 but that she continued to suffer back pain when performing household chores that required large amounts of bending and that she believed she should still be under chiropractic care. On cross-examination, Dorsey admitted that she had visited the chiropractor after having retained counsel; that the collision had caused "only scratches" to her automobile's bumper; that her nephew had not been injured; that she had been involved in a previous automobile collision; and that she had denied having suffered any wage loss in interrogatory responses.
At the close of Dorsey's testimony, her attorney rested her case, at which time counsel for Greene filed a motion for a judgment on partial findings (see Rule 52(c), Ala. R. Civ. P.) in Greene's favor. The trial court orally granted the motion as to the wantonness claim but did not rule on that motion as to the negligence claim.
Greene then testified. According to her account of events, she operated her automobile so as to collide with Dorsey's stationary automobile because she perceived that a third automobile was about to invade her lane of traffic and collide with her automobile; in looking up at her rear-view mirror, Greene failed to notice that she was approaching Dorsey's automobile. Greene's automobile suffered damage to its front bumper, but neither Greene nor her sister (who was a passenger in Greene's automobile) were injured as a result of the collision. Greene admitted that Dorsey had stated just after the collision that her back was hurting. On cross-examination, Greene testified that traffic had been heavy on the day of the collision and that she had known that she was approaching an intersection, although she denied having known that the traffic signal showed a red light. Greene also testified that she had been traveling at approximately 30 miles per hour at the time of the collision and that the posted speed limit at the point of the collision was 55 miles per hour. The parties' testimony then concluded.
After those proceedings had occurred, the parties' attorneys discussed the issue of the treating chiropractor's testimony and exchanged correspondence with the trial court. In a letter addressed to the *Page 124 
trial court, counsel for Greene indicated that although Greene would continue to object to the trial court's consideration of testimony from the chiropractor, it would be preferable for the trial court to consider the deposition transcript in lieu of reconvening the trial to receive live testimony from the chiropractor. Counsel for Dorsey responded by forwarding a copy of the chiropractor's deposition transcript to the trial court. The trial court entered a judgment stating that after conducting a bench trial and reviewing the evidence, the court had found in favor of Greene; no factual findings or conclusions of law were set forth in that judgment.
Dorsey timely filed a motion to alter, amend, or vacate the judgment or, in the alternative, for a new trial, challenging the trial court's judgment on a number of grounds. Among the grounds asserted by Dorsey was that the trial court erred in failing or refusing to consider any exhibit she had offered into evidence or the deposition testimony of the chiropractor. Greene filed a response in opposition to that motion in which she contended that the judgment was supported by evidence indicating that Greene had reacted to a sudden emergency and that Dorsey had failed to prove that she had suffered any damage.
A hearing was then held on Dorsey's postjudgment motion; a transcript of that hearing appears in the record. After arguing at that hearing that the great weight of the evidence supported a judgment in Dorsey's favor, Dorsey's attorney then turned to the issue of damages. The events that followed bear directly upon our determination of the issues presented on appeal:
 "[Counsel for Dorsey]: . . . Now, the defendant has also raised an issue regarding damages apparently claiming — apparently, the gist of the issue is that the plaintiff presented no admissible evidence or there was no admissible evidence in the [r]ecord that the plaintiff suffered any damage or injury.
 "THE COURT: Which there wasn't, but I let it in to make the [r]ecord for you for appeal, so it could go down the street.[2] But you didn't present any.
 "[Counsel for Dorsey]: Well, regarding the damages, one thing that the defendant says was that the Court should not have considered the record of the plaintiff's visit to [the hospital], which was an emergency room visit on the date of the accident. The — and the evidence is that the [emergency medical technician] at the scene asked the plaintiff if she wanted to go to the hospital, wanted them to take her to the hospital. She declined and had someone else take her immediately from the scene to the hospital.
 "The defendant objected during the trial that those records were not admissible on the grounds that the plaintiff failed to comply with the pretrial order.
"THE COURT: Which you did.
 "[Counsel for Dorsey]: Which required — which according to the pretrial order, the — well, Paragraph 7 of the pretrial order stated as follows, and I want to read this: At least fourteen days prior to trial the parties shall furnish opposing counsel for copying and inspection all exhibits or tangible evidence to be used at trial and shall have such evidence marked for identification. Well, in fact, Your Honor, as we mentioned at the trial of this case, the plaintiff *Page 125 
furnished — the plaintiff furnished the defendant a certified copy of all medical records, all medical records certified according to the statute,[3] including that of the . . . [h]ospital, by transmittal dated September the 6th, 2002, which was more than four hundred days prior to the trial of this case. Those exhibits were in the defendant's possession, in the defendant's counsel — opposing counsel's hands on or before October the 4th, 2002, again, more than four hundred days prior to trial. The only thing that the plaintiff failed to do was to mark those exhibits for identification. So that is certainly no reason for the failure of the Court to accept them into evidence if the Court did not accept them into evidence.
 "Now, even if the charges at [the hospital] are not considered, there were at least two thousand dollars in undisputed damages that were proven by the plaintiff's chiropractor who testified that the injuries for which he treated Ms. Dorsey were caused by the collision and that the treatment he rendered was necessary and that the charges were reasonable. And that testimony is undisputed. And at the trial of this case, the defendant objected to the use of the offering of the chiropractor's testimony by deposition, which is the first time in my career that that's ever happened.
 "THE COURT: Which it was not proper, but, again, the Court let it in for appeal purposes.
 "[Counsel for Dorsey]: The Court did let it in? I did not know if the Court did —
 "THE COURT: I mean, I let it in so that you could take that up on appeal if you needed to. . . . But the Court did not consider that testimony from the chiropractor.
 "[Counsel for Dorsey]: The Court would — I mean, the plaintiff would then state that it was improper for the Court not to consider that testimony.
"THE COURT: I didn't.
"[Counsel for Dorsey]: I understand —
 "THE COURT: It wasn't impossible (sic). I didn't. But it's in the [r]ecord for you to take up on appeal. But the Court — the trial court didn't consider it.
 "[Counsel for Dorsey]: Well, that's why I'm asking for a new trial.
 "THE COURT: And I'm not giving you one. And what I was going to tell you . . . is I've gotten your brief and I've got [Greene's attorney's brief], and I let everything in so that you could take it up on appeal; which, of course, is your right, and take it up and maybe the Courts down the street will agree with you and disagree with me. But I am not going to grant you a new trial.
 "[Counsel for Dorsey]: Judge, could you please — for the [r]ecord, can you explain so that we have a little bit easier time on appeal, knowing what the basis of the Court's opinion finding in favor of the defendant was? Was it contributory negligence or was it because there was some failure to prove damages? I mean, there were some damages —
 "THE COURT: You proved no damages. You proved no damages in this case.
"[Counsel for Dorsey]: Is that the basis for the —
"THE COURT: There were no damages that were proven.
 "[Counsel for Dorsey]: So there is no — there is no issue then regarding the negligence of the defendant? *Page 126 
 "THE COURT: There was no damages that were proven, so, therefore, there's nothing to enter judgment on. There were no damages that were proven. So that's what you can take down the street.
"[Counsel for Dorsey]: The failure to prove damages?
 "THE COURT: Uh-huh. I mean, they're going to look at whatever they want. They don't really care what I have to say. It's whatever they want to look at, which is what they do. And that's why I don't write anything . . . because they don't really care what [I think] up here. They're going to look at whatever they want to look at. So you've got everything in the [r]ecord, and you argue whatever you want to argue. And [counsel for Greene] can argue whatever she wants to, and they'll do whatever they want to. But I did let everything in because I do want you to have everything for the [r]ecord so that you've got that when you go down the street.
 "[Counsel for Dorsey]: Then the deposition was admitted into evidence?
 "THE COURT: Yes, I admitted that for you for appellate purposes so that you could have it when you go take it up. Because I want to make sure that you have everything in the [r]ecord that you need to show the appellate courts; which everything is in there that you admitted.
 "[Counsel for Dorsey]: And just so I can be sure and I need to have this on the [r]ecord; that is, that the decision — that the Court's [judgment] in favor of the defendant in this case was based upon an absence of damages?
"THE COURT: Yes. There were none proven at all."
(Emphasis added.) After the hearing had concluded, but before the trial court had entered an order disposing of the postjudgment motion, counsel for Dorsey submitted a letter brief to the trial court noting that under Ala. Code 1975, § 12-21-146(a), a doctor of chiropractic is treated the same as a physician under the Rules of Civil Procedure "[f]or the purpose of the use of deposition testimony in any court proceeding in any civil action." The trial court subsequently entered an order denying Dorsey's postjudgment motion.
It is normally the case that where a judgment contains no findings of fact, an appellate court will assume that the trial judge made those findings "necessary to support the judgment" under the rule enunciated in, among other cases, TransamericaCommercial Finance Corp. v. AmSouth Bank, N.A., 608 So.2d 375,378 (Ala. 1992). However, the trial court's postjudgment explanation that its judgment is based solely upon its determination that Dorsey failed to prove damages flowing from the claimed negligence of Greene obviates the need to make any such assumption. In effect, at Dorsey's request, the trial court has stated additional findings and conclusions forming the basis of its judgment under Rule 52, Ala. R. Civ. P., and we will give effect to that court's findings and conclusions in reviewing the correctness of the judgment under review, notwithstanding any intimation on the part of the trial court that Alabama's appellate courts review cases brought before them arbitrarily or capriciously.
First, we note what the trial court's statement of the basis of its decision prevents this court from concluding. Notably, we cannot affirm the judgment under review on the basis, urged by Greene on appeal, that her conduct was not negligent. The transcript of the exchange between Dorsey's counsel and the trial court quoted above indicates that, to the contrary, the trial court found in favor of Greene solely *Page 127 
on the issue of damages despite the existence of evidence tending to show that Greene was guilty of negligence in operating her automobile. At the very least, because a plaintiff in a tort action must prove the existence of all four traditional tort elements (i.e., duty, breach of duty, proximate cause, and injury or damage, see Albert v. Hsu, 602 So.2d 895, 897 (Ala. 1992)), the trial court's conclusion regarding Dorsey's failure to prove that she was damaged obviated any need to expressly reach the issue of Greene's potential negligence. While an appellate court has the general authority to affirm a judgment on a basis rejected by the trial court, to do so in this case on the ground that Greene was not negligent would be to affirm on a theory that is either (1) inconsistent with the trial court's findings or (2) based on a proposed resolution of a disputed question of fact that the trial court has not resolved, and we must therefore decline Greene's invitation to do so. See 5 C.J.S. Appeal Error § 714 (1993).
We now turn to whether the trial court correctly concluded that Dorsey failed to prove "damages," i.e., that Dorsey was damaged as a proximate result of Greene's conduct. Before the trial court entered its judgment, counsel for Dorsey submitted the deposition of Dorsey's treating chiropractor as substantive evidence indicating that she suffered damage as a result of the automobile collision that, she contended, was a result of Greene's negligence. A review of the deposition transcript indicates that the chiropractor testified that Dorsey had suffered pain, shoulder compression, loss of cervical lordosis (i.e., natural curvature), and dural-sleeve adhesions (i.e., encroachment of the spinal nerve root along the spinal column), all of which, he opined, were caused by the automobile collision at issue. He added that he had perceived from "objective evidence" that Dorsey had suffered muscle spasms in the muscles of her neck that would ordinarily be associated with a neck or back trauma and that various tests that he had performed had informed him that the pain from which Dorsey was suffering was caused by trauma.[4] Finally, the chiropractor testified that both his treatment of Dorsey and his charges therefor (i.e., $1,260) were reasonable and necessary.
In the trial court, counsel for Greene urged that the chiropractor's deposition testimony not be considered on the basis that because Rule 32(a)(3)(D) expressly referred to the use of deposition testimony of "licensed physicians," the deposition testimony of Dorsey's treating chiropractor could not properly be considered as substantive evidence. The trial court's statements that it did not consider the chiropractor's testimony indicate that that court agreed with Greene's position.
However, while Dorsey's postjudgment motion, which challenged that decision, was still pending, Dorsey apprised the trial court of Ala. Code 1975, § 12-21-146(a), which mandates that a chiropractor's deposition testimony be treated the same as a physician's deposition testimony under Rule 32(a)(3)(D). Greene, with admirable candor, has conceded on appeal that, in light of §12-21-146(a), her arguments concerning the admissibility of the chiropractor's deposition testimony were incorrect, albeit "unintentional and unknowing." She contends, however, that the trial court's decision to "admit" the deposition testimony rendered harmless any error in *Page 128 
this regard. We cannot agree with that argument. Although the trial court went to great length to state that it had allowed counsel for Dorsey to make a record for appellate purposes, the trial court's statements at the postjudgment hearing clearly indicate that that court's "admission" of the deposition testimony was merely a formal matter. The trial court went so far as to expressly state that it did not consider that testimony
at all. The trial court, in effect, allowed Dorsey to make an offer of proof pursuant to Rule 103(a)(2) and 103(b), Ala. R. Evid., as to the chiropractor's testimony, but expressly excluded that evidence from its substantive consideration of the case.
Greene also contends that the trial court properly could have "discounted" the chiropractor's testimony based upon certain impeaching evidence adduced at his deposition during cross-examination. Greene correctly points out that during that cross-examination, the chiropractor admitted that his bill for Dorsey's services had not been paid. It is true that Dorsey's failure to pay that bill may afford the chiropractor certain rights to partake in any damages recovered by Dorsey (cf. Jay M. Zitter, Annotation, Physicians' Surgeons' Liens, 39 A.L.R. 5th 787 (1996)), and thus may afford the chiropractor a bias arising from his financial interest in whether Dorsey prevails in this action.
However, while a witness's credibility may be impeached on the basis of bias (see Rule 616, Ala. R. Evid.), bias alone does not render a witness incompetent to testify. See Rule 601, Ala. R. Evid.; see also Buckelew v. State, 48 Ala.App. 411, 413,265 So.2d 195, 197 (Crim.App. 1972) (holding that if criminal witness testified pursuant to a "contingent reward" arrangement, such an arrangement "would have gone to the weight to be accorded [the witness's] testimony," not to the admissibility thereof). More importantly, the trial court's postjudgment remarks leave no doubt that that court did not weigh the chiropractor's testimonyat all, but simply failed to consider it.
The trial court's legal error in deciding not to consider the deposition testimony of Dorsey's treating chiropractor renders suspect its judgment regarding the absence of any damage to Dorsey resulting from the collision. Although our Supreme Court has held that an erroneous exclusion of competent evidence is harmless where there remains "nothing in dispute that was material to the issue between the parties" such that "it is impossible to say that the result would have been otherwise if this testimony had not been excluded," Shriner v. Meyer,171 Ala. 112, 119, 55 So. 156, 159 (1911), the record in this case indicates that the exclusion of the chiropractor's testimony from the trial court's consideration was probably prejudicial to Dorsey. To like effect is McKelvy v. Darnell, 587 So.2d 980
(Ala. 1991), in which our Supreme Court reversed a judgment entered on a jury verdict in favor of a defendant in an automobile-collision case where the trial court had improperly sustained objections to the admission of a physician's deposition testimony regarding whether the plaintiff had been damaged as a result of the collision; notably, the Supreme Court did so despite an argument that the error was harmless because of the jury's general verdict.
We reverse the judgment in favor of Greene on Dorsey's negligence claim and remand the cause for further proceedings. On remand, the trial court is expressly directed to consider the deposition testimony of the treating chiropractor in determining whether Dorsey was damaged as a result of Greene's conduct (irrespective of whether Greene's conduct was negligent with respect to the collision). Because *Page 129 
reversal is necessary based upon the trial court's failure to consider that deposition testimony, we expressly do not reach the issues whether the trial court could properly have disregarded the other exhibits tendered into evidence by Dorsey or could have deemed Dorsey's testimony regarding her lost wages to be incredible. Our opinion should not be construed as mandating a judgment in favor of either party on remand.
Dorsey has not claimed that the judgment on partial findings as to her wantonness claim was erroneous; thus, we affirm the trial court's judgment as to that issue on the authority of Thompsonv. United Cos. Lending Corp., 699 So.2d 169, 171 (Ala.Civ.App. 1997) (citing Leisure Am. Resorts, Inc. v. Knutilla,547 So.2d 424, 425 n. 2 (Ala. 1989)); see also Rule 28(a)(10), Ala. R.App. P.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
CRAWLEY, P.J., and THOMPSON, MURDOCK, and BRYAN, JJ., concur in the result, without writing.
[1] Under that rule, if a deponent is a "licensed physician or dentist," that deponent's deposition transcript "may be used by any party for any purpose."
[2] Alabama's appellate courts, like the trial court, are located in Montgomery, the state's capitol city.
[3] Apparently, this is a reference to § 12-21-5 et seq., Ala. Code 1975.
[4] Although the chiropractor also testified, based upon a hypothetical question propounded by counsel for Dorsey, that Dorsey's symptoms of scoliosis in her thoracic spine were caused by the collision, Dorsey's testimony at trial did not fully establish the facts assumed by the chiropractor in the hypothetical question.