# Forbes *v.* Taylor.

### *Statutory Action of Detinue.*

1. *Alteration of contract; when does not prevent contract from being introduced in evidence.*—Whether the alteration of a contract which is offered in evidence as the basis of a suit, was material or immaterial, is unimportant when it is shown that the alteration was made without the knowledge or consent of the plaintiff; and even if made by one of his clerks who was not authorized thereto, such alteration does not constitute a ground for excluding the contract from evidence.

2. *Contracts; when written can not be varied by parol.*—The terms of a written contract can not be varied or contradicted by parol evidence of a prior or contemporaneous verbal agreement between the parties.

APPEAL from the Circuit Court of Shelby.

Tried before the Hon EDWARD S. LYMAN, Special Judge.

This was a statutory action of detinue brought by the appellant, E. E. Forbes, against the appellee, George Taylor, to recover the possession of a cottage organ, and the value of hire or use thereof.

On the trial of the case the plaintiff introduced as a witness one J. W. Langley, who testified that at the time of the sale of the organ in question, he was the agent of E. E. Forbes; that he sold said organ and in payment thereof there was executed a note by Q. B. McMillan payable to the plaintiff. This note contained the stipulation that four months after date the maker thereof promised to pay to the order of E. E. Forbes fifty-five dollars at his office in Anniston, Alabama, and further "this note is given for the purchase price of one organ by W. R. Sute," there then follows a description of the organ. The note also contained the stipulation that the title thereto should remain in the said Forbes until the sum

stated above had been fully paid. The note further
showed that the number of the organ, as expressed in
the note, had been altered.

Against the objection and exception of the plaintiff,
the witness Langley testified that he sold the organ in
question to one W. R. Sute; that the organ had been pre-
viously left at the residence of Sute and Sute finally sta-
ted that he wanted the organ but could not buy it, unless
he collected money from said Q. B. McMillan, but that
he would not take the organ if Forbes retained title;
that thereupon a conference was held between the wit-
ness and McMillan and Sute, and it was agreed between
them that Sute would take the organ and McMillan
would remit the payment therefor and would execute his
promissory note for the purchase money, provided it did
not contain the usual reservation of title to the organ in
Forbes, and that the witness Langley should give to Sute
a written release of claim or title thereto; that Sute
then took the organ and McMillan executed the note in-
troduced in evidence. The witness Langley further testi-
fied that his recollection was that he had stricken out the
provisions of the note retaining title in Forbes, before it
was executed by McMillan. The plaintiff moved to ex-
clude all of this witness's testimony about the agreement
to strike out the reservation of title in the note, and the
witness's recollection that it had been stricken out
because it was immaterial and sought by parol
testimony to vary the terms of the written
contract. The court overruled the motion and
the plaintiff duly excepted. The witness Langley,
upon having his attention directed to the alteration of
the number of the organ as set out in said note, testified
that he did not make the said alteration, and that to the
best of his recollection the alteration was not made be-
fore the note was signed by McMillan, and had not been
made up to the time the note was delivered to the plain-
tiff.

Forbes, as a witness in his own behalf, testified that he
did not make the alteration in the note as to the number
of the organ, nor did he authorize any one else to make
said alteration; that he did not know who made the alter-

[Forbes v. Taylor.]

ation, "that it is possible one of his clerks made the alteration, on discovering an error in the number while checking his records, but had never authorized his clerks or any of them to make such alteration in any of his notes, nor in this particular one." The defendant then moved the court to exclude said note from the evidence, on the ground that it showed on its face that it had been altered. The court granted this motion, excluded the note from the evidence, and to this ruling the plaintiff duly excepted. The court then, at the request of the defendant, gave the general affirmative charge in his behalf, to the giving of which charge the plaintiff duly excepted.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the rulings of the trial court upon the evidence to which exceptions were reserved.

D. R. McMILLAN and W. F. THETFORD, JR., for appellant.—The court erred in excluding the note from evidence. The fact that it was altered was not sufficient, it being shown by the testimony that the alteration was not made by the plaintiff or by any one authorized thereto by him.—*Montgomery R. R. Co. v. Hurst*, 9 Ala. 513; *Winter & Loeb v. Poole*, 100 Ala. 503; *Connally v. Spraggins*, 66 Ala. 258; *Hurt v. Redd*, 64 Ala. 85.

The court erred in admitting in evidence the testimony of the negotiations between the plaintiff's agent and the purchaser of the organ prior to the execution of the contract. Such testimony had a tendency to vary or contradict the provisions of the written contract.—*Seymour v. Farquhar*, 93 Ala. 292; *Griel v. Lomax*, 86 Ala. 132; *Land Co. v. Dromgoole*, 89 Ala. 505; *Dexter v. Ohlander*, 89 Ala. 262.

BROWNE & LEEPER, *contra*.

DOWDELL, J.—Whether the alteration in the contract offered in evidence was a material or immaterial one, is unimportant, as it was shown that the alteration was made without the knowledge or consent of the payee,

Forbes.—*Montgomery R. R. Co. v. Hurst,* 9 Ala. 513; *Winter & Loeb v. Poole,* 100 Ala. 503. It is true that Forbes testified that it was possible for the alteration to have been made by one of his clerks, but he further testified that he did not authorize it, and it was without his knowledge. This being true, if the alteration was made by one of his clerks, who had no authority to make it, such clerk was in the transaction as much a stranger to Forbes as if the alteration had been made by some person wholly unknown to Forbes. Apart from any other consideration, the contract, therefore, should have been received in evidence. The trial court erred in excluding the contract on the ground of alteration.

W. R. Sute was the purchaser of the organ in question, McMillan promising to pay for the same. The stipulation in the contract reserving title to the plaintiff, Forbes, until the instrument was paid for, although the note or contract was signed by McMillan alone, was as binding on Sute as if he had signed the note himself. He was a party to the transaction, and was bound by this stipulation as much so as if he had signed the contract. The rule of law is well settled that the terms of a written contract may not be varied or contradicted by parol evidence of a prior or contemporaneous verbal agreement between the parties. In a case involving a note or contract similar to the one here, this court held that parol evidence was not admissible to vary its express terms.—*Seymour v. Farquhar,* 93 Ala. 292; *Dexter v. Ohlander,* 89 Ala. 262.

The court erred in permitting the defendant, against plaintiff's objection, to show by the witness Langley, that there was a contemporaneous agreement to release the title to the organ, and to strike out of the note or contract the stipulation retaining title in the seller. It is not pretended that any fraud was practiced in the execution of the note or contract. If there was a written release of the title executed to Sute by Langley as the agent of Forbes, then it should have been produced, or its absence accounted for, before offering parol evidence of its contents.

[Barfield v. Barfield.]

For the errors ·indicated the judgment must be reversed and the cause remanded.

Reversed and remanded.