(90 South. 498)

## BIRMINGHAM INDUSTRIAL CO. v. PHILLIPS. (6 Div. 14.)

(Supreme Court of Alabama. June 9, 1921. Rehearing Denied Oct. 13, 1921.)

I. Mortgages ☜600(I)—Set-off not available in suit to enforce equity of redemption.

In the absence of an agreement that mortgagor's indebtedness to mortgagee was to stand as security for advances by mortgagor under a collateral contract, mortgagor could only avail himself of a set-off by filing a bill in advance of foreclosure alleging mortgagee's insolvency, or some other special equity, and could not set off such claims in a bill to enforce equity of redemption.

2. Mortgages ☜109—Burden of proof upon mortgagor suing to enforce equity of redemption.

In a suit by mortgagor to enforce an equity of redemption and to set off advances made for mortgagee under a collateral contract, on the theory that plaintiff's indebtedness to defendant was to stand as security for plaintiff's advances, the burden of proof rested upon the plaintiff to show by direct and definite evidence that it was agreed that his indebtedness was to stand as security for advances.

3. Mortgages ☜117—Collateral agreement held not to contemplate that foreclosure could be had only for balance due mortgagee by reason of advances made.

An agreement, collateral to a mortgage, providing that mortgagor make certain advances for mortgagee in the raising of a crop on certain land, held not to contemplate that mortgagee could foreclose only for the difference between the advances made and the amount due on the mortgage.

Appeal from Circuit Court, Jefferson County; Horace C. Wilkinson, Judge.

Bill by Lovick W. Phillips against the Birmingham Industrial Company to set aside a foreclosure or for an accounting and redemption from foreclosure. From a decree for complainant, respondent appeals. Reversed and rendered.

The controversy grew out of an exchange of properties between complainant and respondent, wherein Phillips acquired certain city property at a fixed valuation and the Birmingham Industrial Company acquired certain rural property at a fixed valuation; the difference in price being in favor of the city property and secured by a mortgage on the farm property. When the mortgage became due Phillips claimed certain set-offs, and tendered to the Birmingham Industrial Company the difference between the claimed set-offs and the amount of the mortgage. The Birmingham Industrial Company refused to settle on these terms, and foreclosed their mortgage, purchasing at their sale under the power in the mortgage. The mortgage contained the usual powers of sale, giving the right to the mortgagee to purchase. The collateral agreement referred to is as follows:

That crop grown on the farm for 1907, shall belong to the Birmingham Industrial Company and is as follows: Part of the said farm is cultivated on shares with tenants, and as to this said company is entitled to one-half of the crop so grown, and shall pay for one-half of guano used thereunder; a part of said farm is cultivated by wage hands, and as to this said company shall have the entire crop so grown, and shall pay for wages and feed for hands working said crop as per statements furnished and to be furnished by said L. W. Phillips. The said L. W. Phillips is to proceed to look after and finish the cultivation and gathering in of said crops in all respects as if it was his own and to settle with said tenants, share croppers, for supplies furnished and cotton seed, implements and one-half of the guano used, out of the said tenants' shares of said crops so grown on his account, and turn over and deliver to said company one-half of said crops, chargeable only with one-half of the guano so used. In like manner he shall look after the cultivation and gathering in of crops grown by the wage hands, and turn over the proceeds to said company, chargeable with payment of wages and feed· of said hands and teams only. No charge is to be made for teams, utensils or implements and machinery used in cultivation or gathering in of said crops, but said company is to pay one-half of the wages of the superintendent, W. S. Price, as provided in paragraph 5 hereof. That the machinery for ginning and gathering the crops and the teams on the place shall be used jointly for taking care of the present crop on this 850-acre farm and the 600-acre farm adjoining and the salary of the superintendent, Mr. Price, for the year 1907, January 1 to December 1, $240.00, shall be paid equally by each of said farms paying $120 of the amount.

That as to the growing crop the said L. W. Phillips shall proceed under existing contracts to finish said crops and to cause to be furnished the necessary supplies and to complete the cultivation of the present crop until it is laid by in all respects as if his own, and render and furnish ·to the Birmingham Industrial Company statements of account with each tenant on the place, also showing the cash personal items paid by said L. W. Phillips to said tenants, which items of cash shall be accounted for between the parties hereto, and the Birmingham Industrial Company shall assume and settle with said tenants and carry out existing contracts thereto, out of said crops when gathered

---

and marketed and shall be entitled to the benefits of said contracts and return of cotton seed, farming implements, under existing contracts.

A. Latady, of Birmingham, for appellant.

The former proceedings in this case, so far as applicable here, will be found in 171 Ala. 445, 54 South. 603. In the foreclosure proceedings Phillips had no right to set off any counterclaim asserted by him. 76 Ala. 397; 82 Ala. 328, 8 South. 251; 166 Ala. 406, 52 South. 323, 139 Am. St. Rep. 48. Appellee had his day in court, and the two decrees against him are now res adjudicata. 25 Ala. 317; 26 Ala. 504; 51 Ala. 301; 64 Ala. 299, 38 Am. Rep. 8; 71 Ala. 179; 164 Ala. 471, 51 South. 529; 168 Ala. 224, 53 South. 84. Appellee had two years in which to file his bill to disaffirm the foreclosure sale. 157 Ala. 56, 47 South. 242; 88 Ala. 487, 7 South. 238, 16 Am. St. Rep. 55; 131 Ala. 530, 32 South. 515; 124 Ala. 347, 26 South. 900; 83 Ala. 120, 3 South. 309.

C. C. Nesmith and Luke P. Hunt, both of Birmingham, for appellee.

The decree is fully supported by former opinion in 180 Ala. 311, 60 South. 896.

SAYRE, J. In 1908 appellant, proceeding under a power vested in it by a mortgage given by appellee on valuable property in Birmingham, foreclosed the mortgage, and purchased at the sale. Shortly thereafter appellee filed the bill in this case, averring that appellant had abused the power vested in it by the mortgage for the following reason, in substance: Appellee had purchased the Birmingham property from appellant, had conveyed a certain plantation in Russell county in part payment, and had given the mortgage in question to secure the balance. That was in June, 1907. At the same time the parties entered into a collateral agreement in writing by the terms of which appellee was to remain in charge, control, and superintendence of the plantation until the crops of the current year should be gathered, and for advances theretofore made and thereafter to be made by him to share croppers and wages hands on the place appellee was to be reimbursed by appellant in the fall; that at the same time there was an understanding, verbally expressed between the parties, that appellee's indebtedness to appellant was to stand as security for his reimbursement on account of the advances aforementioned; and that, when the first installment of appellee's debt fell due, appellee, claiming a set-off on account of advances in the sum of $1,266.95, had tendered the balance, but appellant had refused to allow the same, and had proceeded, wrongfully therefore, to foreclose. Appellee's bill prayed that the foreclosure sale be set aside, that an accounting be had, and that appellee be

allowed to redeem in virtue of his equity of redemption. The circuit court on hearing the pleading and proof granted relief according to the prayer of the bill.

[1] Appellee's bill, as a bill to enforce an equity of redemption—and it is not sought to sustain it on any other ground—depends for its equity on appellee's contention that there was a contract by which, in effect, his indebtedness to appellant was to stand as security for appellee's advances to share croppers and wages hands on the Russell county plantation, or, in other words, that appellant would not foreclose except for any balance that might remain after allowing appellee credit for such advances. In the absence of such agreement appellee could only have availed himself of the set-off averred by filing a bill in advance of foreclosure, alleging appellant's insolvency or some other special equity. Gafford v. Proskauer, 59 Ala. 264; Knight v. Drane, 77 Ala. 371; Conner v. Smith, 88 Ala. 300, 7 South. 150; Caldwell v. Caldwell, 166 Ala. 406, 2 South. 323, 139 Am. St. Rep. 48. No other special equity is alleged or proved.

[2, 3] It will be conceded that, if the controverted issue of fact thus presented stood for decision on the testimony of appellee alone, and if a decision as to that would establish the equity of the bill, the decree under review could not be disturbed. But, conceding the competency of the evidence in support of such agreement, the burden of proof rested upon appellee, and the evidence to sustain it must have been direct and definite. 3 Jones on Mtgs. (7th Ed.) §§ 1496, 1811. The fact, however, is that the mortgage contains no stipulation in agreement with appellee's contention. Nor does the collateral agreement in writing. On the contrary, that agreement tends strongly, if not explicitly, to support appellant's denial of appellee's contention and the theory of the former as to the manner in which appellee was to receive reimbursement for advances made and to be made by him, i. e., out of the crops when gathered. Appellee averred in his original bill that appellant's agent, Bradshaw, had practiced a fraud upon him, and had palmed off an agreement different from his understanding as to what it contained; but the evidence cannot be held to sustain this averment. The testimony of Bradshaw, interested as the virtual owner of appellant corporation, and of Eborn, who had an interest in the original transaction, but is not interested in the result of this litigation, contradicts appellee as to the agreement. Upon the whole, we are unable to find in agreement with appellee's contention that appellant violated an understanding and agreement as to the circumstances in which the power of sale was to be executed. The foreclosure sale cannot therefore be avoided on the ground contended for, and the decree rendered in the circuit court must be re-

versed. A decree will be here rendered, dismissing appellee's bill.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.