(98 South. 788)

**WORTHINGTON et al. v. EGGLER.**
**(6 Div. 948.)**

(Supreme Court of Alabama. Jan. 17, 1924.)

**1. Evidence ⬳441(1)—Written instrument cannot be contradicted by parol agreement.**

In equity as well as at law a parol agreement cannot be shown to contradict a written instrument.

**2. Evidence ⬳434(1)—Parol evidence admissible to show written instrument procured by fraud.**

Fraud vitiates anything that it touches, and parol evidence is always admissible to show that the execution of a written instrument was procured by fraud, or that because of fraud it does not express the true intention of the parties.

**3. Principal and agent ⬳69(3)—Trusts ⬳231(1)—Courts of equity scrutinize transactions between persons in fiduciary relations.**

Courts of equity scrutinize very closely transactions between parties in a fiduciary relation by which an agent or trustee secures any profit or advantage over his principal or cestui que trust.

**4. Mortgages ⬳369(3)—Foreclosure and sale without notice to mortgagee set aside as violation of trust.**

Where mortgagee, who had voluntarily assisted mortgagor in securing an extention of an existing mortgage, offered to lend her money on mortgage to make necessary repairs, and constituted himself her agent to look after the repairs, to rent the houses, and to apply the rents to the debt, his foreclosure of his mortgage without giving actual notice to mortgagor, and sale to his father, who was residing with him, was properly set aside as a violation of a trust voluntarily assumed; the father not being an innocent purchaser.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by Kate A. Eggler against W. J. and J. L. Worthington. From a decree for complainant, respondents appeal. Affirmed.

W. T. Edwards, of Birmingham, for appellants.

The contemporaneous parol agreement contradicting the terms of the mortgage was void. Ware v. Cowles, 24 Ala. 446, 60 Am. Dec. 482; 22 C. J. 1135; Walker v. Clay, 21 Ala. 797; Doss v. Peterson, 82 Ala. 253, 2 South. 644; Hunter v. Mellen, 127 Ala. 343, 28 South. 468. The hardship of the fore-

closure was immaterial; there can be no fraud in doing a lawful act. Hodges v. Coleman, 76 Ala. 103; Dinkins v. Latham, 202 Ala. 101, 79 South. 493; Bullock Co. v. Coleman, 136 Ala. 610, 33 South. 884; L. & N. v. Shepard, 126 Ala. 416, 28 South. 202; Allen v. Mutual Co., 101 Ala. 574, 14 South. 362; Byrd v. Hickman, 167 Ala. 351, 52 South. 426; Lee v. Cochran, 157 Ala. 311, 47 South. 581; Thomas v. Blair, 208 Ala. 48, 93 South. 704. The mortgagor was not entitled to credit for unexpended funds in the hands of the mortgagee. Birmingham Ind. Co. v. Phillips, 206 Ala. 467, 90 South. 498; Gafford v. Proskauer, 59 Ala. 264; Knight v. Drain, 77 Ala. 371. The purchaser was not accountable for rents, except such as accrued after redemption money was tendered to him. Wootten v. Vaughn, 202 Ala. 684, 81 South. 660; Hale v. Kinnaird, 200 Ala. 596, 76 South. 954.

Ivey F. Lewis, of Birmingham, for appellee.

Courts of equity will closely scrutinize transactions between parties, where a fiduciary relation is shown to exist. 25 C. J. 1120; Clifford v. Armstrong, 176 Ala. 441, 58 South. 430; 24 C. J. 46. Fraud presents an exception to the rule that written instruments cannot be varied by parol. 22 C. J. 1215; 27 C. J. 52; 2 C. J. 739; Ladd v. Lookout Co., 147 Ala. 173, 40 South. 610. The mortgagee in possession is liable for rents. Dozier v. Farrior, 187 Ala. 181, 65 South. 364; Dozier v. Mitchell, 65 Ala. 511.

ANDERSON, C. J. This was a bill filed by a mortgagor against the mortgagee and purchaser at a purported mortgage sale for the cancellation of the mortgage sale and the deed made pursuant thereto, and for an accounting between the parties, and the satisfaction of the mortgage given W. J. Worthington, if paid, or the right to pay the balance due thereon, if any, and in the alternative to exercise the statutory right of redemption should it be adjudged that the foreclosure was regular and valid.

[1, 2] It is a well-recognized rule in equity, as well as at law, that parol agreements cannot be shown to contradict solemn written instruments, and it has also been expressly held that, when the maturity of a mortgage and the right to foreclose same at maturity are fixed by the instrument, it cannot be impeached by a previous or contemporaneous parol agreement by showing that, notwithstanding the recitals of the instrument, further time and indulgence was given the mortgagor. Ware v. Cowles, 24 Ala. 622, 60 Am. Dec. 489, and other cases cited in brief of appellant's counsel. This rule, however, has its exception, and in cases of fraud parol evidence is always admissible for the purpose of showing that the execution of the instrument was procured by fraud, or that by reason of fraud it does not express the true intention of the parties, as fraud vitiates anything that it touches. 22 C. J. 1620; Brenard Mfg. Co. v. Jacobs, 202 Ala. 7, 79 South. 305; Blackman v. Johnson, 35 Ala. 252.

[3, 4] The bill charges and the complainant's proof shows, which was accepted by the trial court, and as to which we are in accord, that the respondent W. J. Worthington, the mortgagee, voluntarily approached the complainant for the purpose of assisting her in the renewal or extension of an existing mortgage indebtedness, and after that was arranged constituted himself her agent to look after the repair and renting of the houses so as to work them out of debt. He knew that she had no funds on hand, and kindly offered to supply $275 to make the necessary repairs, and assured her that, if she would give him a mortgage for said sum, he would liquidate the same with the monthly rents after taking care of the interest on the first mortgage and paying current expenses such as taxes and insurance. Instead of doing this, within less than two months thereafter, he foreclosed the mortgage without giving her any notice, except perhaps by posting same at the courthouse, had his father, who was residing with him, to purchase same, and proceeded thereafter to appropriate the rents, the complainant in the meantime believing that he was looking after the property as her agent and applying the rents as he had agreed to do. When a fiduciary relation is established between parties, courts of equity scrutinize very closely any transaction between them by which the agent or trustee secures any profit or advantage over his principal or cestui que trust. Clifford v. Armstrong, 176 Ala. 441, 58 South. 430. We think that the facts in this case fully warranted the trial court in setting aside the sale and in making the respondents account for the rents converted or diverted from the source to which W. J. Worthington agreed to apply same, and in holding him accountable for so much of the fund charged for improvements which was not in fact expended for that purpose.

J. L. Worthington was not an innocent purchaser, as the facts lead to the irresistible conclusion that he was a man of straw—a mere dummy used by W. J. Worthington for the purpose of executing his design to acquire this complainant's valuable equity in this property in violation of the trust that he had voluntarily assumed.

The case of Birmingham Co. v. Phillips, 206 Ala. 467, 90 South. 498, in no wise conflicts with the present holding. There the court simply stated that, in the absence of an agreement, the items claimed as a set-off should have been claimed before the foreclosure, and proceeded to hold that the agreement set up had not been proved. Here we have an agreement as to the use of the $275

loaned the complainant and as to the collection and application of the rents.

The decree of the circuit court is affirmed. Affirmed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.