(110 So. 153)

HAMILTON FURNITURE CO. v. BRENARD MFG. CO. (6 Div. 729.)

(Supreme Court of Alabama. Nov. 4, 1926.)

1. Evidence ⬅441(9)—In action on notes representing purchase price of phonographs, exclusion of parol evidence to show that actual sale shown by written contract was not intended held not error.

In action on notes representing purchase price of certain phonographs and records, exclusion of parol evidence to effect that defendant assumed no financial obligation, but agreed only to sell phonographs, and remit proceeds or return them, held not error, in view of written contract accompanying notes.

2. Evidence ⬅425.

In action on notes representing purchase price of phonographs, written order, pursuant to which phonographs were shipped, held not a collateral writing not within parol evidence rule.

3. Payment ⬅16(1).

The giving and acceptance of a note in payment of an existing indebtedness extinguishes the original demand, and generally an action can be maintained only on the note.

4. Evidence ⬅420(7).

The absolute obligation of a note or the unconditional promise to pay is not to be varied by parol evidence of a conditional promise.

5. Trial ⬅412—In action on note plaintiff's introduction of correspondence pertaining to negotiations for adjustment of debt held not waiver of parol evidence rule.

In action on note representing purchase price of phonographs, plaintiff's introduction of correspondence between parties pertaining to negotiations for settlement after debt was incurred, and showing contentions of parties, held not a waiver of parol evidence rule.

6. Sales ⬅92—Seller's acceptance from carrier of phonographs returned by buyer held not consent to rescission of contract precluding recovery on notes representing purchase price.

In action on note representing purchase price of phonographs which defendant had returned, stating that further communication would be ignored, plaintiff's acceptance of phonographs from carrier for express purpose of holding them for benefit of defendant and to prevent their sale by carrier held not a consent to rescission of sale precluding recovery on notes.

Appeal from Circuit Court, Jefferson County; R. V. Evans, Judge.

Action by the Brenard Manufacturing Company against the Hamilton Furniture Company. From a judgment for plaintiff, defendant appeals. Transferred from the Court of Appeals under Code 1923, § 7326. Affirmed.

Horace C. Wilkinson and J. R. McElroy, both of Birmingham, for appellant.

The acceptance of a promissory note in absolute payment of an indebtedness precludes an action on such original indebtedness. 30 Cyc. 1190; Brewer v. Montgomery Bank, 24 Ala. 439; Abercrombie v. Mosely, 9 Port. 145. A party waives the benefit of the parol evidence rule when he introduces evidence of conversations and negotiations leading up to the written agreement, and the other party is entitled to give evidence of the same matters. 22 C. J. 1295; Wefel v. Stillman, 151 Ala. 249, 44 So. 203; M., J. & K. C. R. Co. v. Hawkins, 163 Ala. 565, 51 So. 37. Parol evidence although contradictory of a writing, must be considered, if admitted without objection. Somerall v. Citizens' Bank, 208 Ala. 501, 94 So. 476; Vieser v. Bellows, 209 App. Div. 540, 205 N. Y. S. 26. It is not a violation of the parol evidence rule to show no valid contract ever existed. 2 Williston on Contr. 1227; Loval v. Wolf, 179 Ala. 505, 60 So. 298. Or, where the writing does not purport to set out the entire contract, to show other stipulations. Powell v. Thompson, 80 Ala. 51. The rule does not apply to a collateral writing, upon which the action is not based. 22 C. J. 1282; Tenn. Valley Bank v. Valley View Farm, 210 Ala. 123, 97 So. 62. It is always permissible to show the true consideration for a promissory note, where the

note does not stipulate on its face for what it is given. Booth v. Dexter, etc., 118 Ala. 369, 24 So. 405; Folmar v. Siler, 132 Ala. 297, 31 So. 719.

Weatherly, Birch, McEwen & Hickman, of Birmingham, for appellee.

Plaintiff did not waive breach of the contract by repossession of the merchandise. Brenard Mfg. Co. v. Sullivan, 210 Ala. 200, 97 So. 692; Id., 21 Ala. App. 44, 104 So. 887. The terms of a written instrument may not be varied by parol evidence. 10 R. C. L. 1016; 6 Michie's Ala. Dig. 350; Thomas v. Irvine, 171 Ala. 332, 55 So. 109; Able y. Gunter, 174 Ala. 389, 57 So. 464; Cuthbert v. Bowie, 10 Ala. 163; Bonewell & Co. v. Jacobson, 130 Iowa, 170, 106 N. W. 614, 5 L. R. A. (N. S.) 436; Travers-Newton v. Naab, 196 Iowa, 1313, 196 N. W. 36, 32 A. L. R. 780; Peplax Medicine Co. v. Tampa Drug Co., 88 Fla. 473, 102 So. 632.

BOULDIN, J. The suit is on a series of promissory notes made by defendant to plaintiff. Pleas were in short by consent. The affirmative charge was given for plaintiff.

Defendant signed and submitted through plaintiff's subagent a combined order and agency contract in writing, saying:

"Upon your approval of this order and agency contract, deliver to me at your earliest convenience, f. o. b. factory or distributing point, the articles mentioned below, in payment for which I herewith hand you my notes aggregating $328, which you are to cancel and return to me if agreement is not approved by you."

The articles, two Claxtonola phonographs and nine records, with prices and certain advertising matter, were listed. No question arises as to the agency contract embodied in the writing. The order and notes were accepted, notice thereof given, the articles shipped and received.

[1] On the trial, defendant offered to show by parol evidence that at the time the contract was negotiated it was agreed defendant should assume no financial obligation for the machines; that their obligation was merely to sell and remit proceeds; that, if not sold within 60 days, defendant had the privilege of returning them; that plaintiff was to forward notes to be held by defendant against the notes held by plaintiff. All this evidence was rejected upon the ground that it sought to contradict, alter, or vary the terms of the written contract. The ruling presents the controlling question in the case.

The evidence offered presents no misrepresentations of fact as an inducement to the contract, authorizing its rescission for fraud. It seeks to ingraft in the contract by parol conditions directly contrary to the writing, defeating the obligation expressed in writing. There is a sharp distinction between fraudulent representations leading to the execution of a contract, and promises or conditions as part of the contract. Brenard Mfg. Co. v. Jacobs & Padgett, 202 Ala. 7, 79 So. 305; Worthington v. Eggler, 210 Ala. 535, 98 So. 788.

Neither does the proposed evidence set up any mistake as to the contents of the writing, nor any reliance upon a fraudulent statement of its contents leading to the signing of papers not expressive of the real contract.

Neither is it a case of collateral undertakings not in conflict with a writing which it is apparent does not cover the entire transaction or define the obligations of both parties. Bissell Motor Co. v. Johnson, 210 Ala. 38, 97 So. 49; Smith v. Rice, 56 Ala. 417.

Nor does it relate to the consideration of the notes. Without question, the notes were given for the articles contracted and delivered to defendant. Moreover, where the consideration itself is contractual, as when the contract covers the transaction, refers to the notes as a part thereof, and declares what they are given for, parol evidence is not admissible to vary the contract as to the consideration. Able v. Gunter, 174 Ala. 389, 57 So. 464; 22 C. J. 1171, § 1569h.

This is a simple contract of purchase and sale of defined articles at a given price; notes being given in payment for same. The writing is complete within itself, defines the obligations of both parties, and is not ambiguous. It must be regarded as the chosen memorial of the transaction; all prior and contemporaneous negotiations are merged therein. The proposed evidence set up a different contract, was in denial of the express terms of the writing; converting an absolute promise to pay into a conditional one, a sale of property into a bailment. It was properly rejected. Miller Bros. v. Lumber Co., 207 Ala. 338, 92 So. 473; Ford v. Southern Motor Co., 208 Ala. 170, 93 So. 902; Capital Lbr. Co. v. Mullinix, 208 Ala. 266, 94 So. 88; Shriner v. Meyer, 171 Ala. 112, 55 So. 156, Ann. Cas. 1913A, 1103; Guice v. Thornton, 76 Ala. 466.

[2] The point is made that the accepted order is merely a collateral writing and not subject to the rule forbidding parol evidence at variance with its terms. Tennessee Valley Bank v. Valley View Farm, 210 Ala. 123, 97 So. 62, is relied upon to support this view.

[3] The giving and acceptance of a note in payment of an existing indebtedness extinguishes the original demand, and the general rule is that action can be maintained only on the note. Brewer v. Montgomery Branch Bank, 24 Ala. 439, 30 Cyc. 1199.

Where, as here, the note and contract are related writings evidencing one transaction as shown on the face of the contract, we do not find it necessary to decide whether the suit may be based upon the contract as a whole.

The parties having chosen to give the evidence of debt the form of a note, an unconditional promise to pay importing a valuable consideration, we do not question that suit may be maintained on the note as such. Such is the contemplation of the parties; the note and contract so import.

But the contract is in no sense a collateral, outside matter, within the meaning of the Valley View Farm Case, supra. The note and contract, for evidential purposes, continue to be related as parts of a whole. The sound basis of the rule against parol evidence to vary a written instrument, the maintenance of the integrity of written contracts, applies as if the contract was sued upon.

[4] Not to be misunderstood, we observe that the absolute obligation of a note, the unconditional promise to pay, is not to be varied by parol evidence of a conditional promise, any more than other writings.

[5] Appellant conceives that plaintiff, in the trial below, waived the parol evidence rule, and could not invoke it against the proposed evidence, nor by request for the affirmative charge.

The contention is rested upon the action of plaintiff in introducing by deposition as exhibits all the correspondence which followed the order, as well as the report of the sales agent accompanying the order, certifying that in securing the order he had made no verbal or written agreement other than shown by the signed documents. In the correspondence defendant had made substantially the same claim at variance with the writings as in the proposed parol evidence, to which plaintiff replied, insisting upon the written documents as the sole contract.

Appellant seeks to apply two rules to this situation, viz.: That parties may choose their own issues; that having presented the letters they became evidence of the facts therein stated, and defendant was entitled to introduce further evidence of like import; and, secondly, that, the letters of defendant being in evidence, the jury was due to pass upon the truth of their contents, and therefore the affirmative charge could not be given for plaintiff.

It is manifest the correspondence was not introduced as evidence of the facts claimed by defendant, but to show the contentions of the parties, the excuse assigned by defendant for refusal to pay, the later effort to rescind and return the goods, and plaintiff's responses to these proposals. They pertained to matters after the debt was incurred in negotiations for adjustment. It is sufficient to say we could not sanction a practice that would cut off a party from asserting his legal rights because of a full show-down of the contentions of the parties. The rules relied upon have no application to the case.

[6] After considerable controversy, the defendant, against the insistence of plaintiff, returned the goods to the point of shipment. Plaintiff notified defendant of refusal to retake the goods. Defendant replied it was a matter of indifference what became of them, and informed plaintiff that any further communications would be ignored. Plaintiff then notified the transportation company that, due to the fact that the shipment was up for "on hand sale," it would be taken up and held in storage for defendant, and wrote plaintiff's representative as follows:

"We have information from the agent of the railroad company, Geneva, Ill., that he is holding two instruments returned by our customer, Hamilton Furniture Company, Birmingham, Ala.

"These instruments were at one time refused by us, but they are now up for on hand sale, and in order to protect the instruments for legal owner, Hamilton Furniture Company, we have asked the agent to deliver same to you; therefore cover all transportation expenses connected with same.

"Please furnish us credit memorandum so that we may keep our records straight. Instruments originally ordered February 9, 1922, order No. 21492, and shipped February 10, 1922."

It is insisted this letter warrants an inference by the jury that plaintiff accepted the goods returned, rescinding the sale. We do not so construe it. The direction to furnish "credit memorandum" to keep records straight was in connection with express instruction to hold it for account of the legal owner, the defendant. After notice that defendant would consider no further communication, plaintiff owed no duty to further advise defendant as to the shipment of phonographs, nor the small shipment of records by express, with $2 to cover broken records. Defendant furnishes no evidence that plaintiff rescinded the sale by repossession of the goods or any part of same as its own. Brenard Mfg. Co. v. Sullivan, 210 Ala. 200, 97 So. 692.

The affirmative charge was properly given for plaintiff.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.