141 So. 645

**NATIONAL UNION FIRE INS. CO. v. LASSETTER et al.**

6 Div. 11.

Supreme Court of Alabama.

March 31, 1932.

Rehearing Denied May 19, 1932.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellant.

Harsh, Harsh & Hare, of Birmingham, for appellees.

GARDNER, J.

The prime purpose of the bill is the reformation of a fire insurance policy issued May 25, 1928, by defendant company for the protection from fire of the house therein described situated on lot 15, block 14, Crescent Heights, Birmingham, Ala. The bill is by the partners, two brothers W. O. and W. B. Lassetter, doing business under the firm name of Lassetter Lumber Company. The partnership was engaged in selling building material and construction of houses.

It appears from the proof that the lot was purchased and the house constructed from funds of the partnership. The contract for the purchase was, however, with W. O. Lassetter, who joined as a party complain-

ant, and the evidence is to the effect that it frequently occurred that in such a purchase the title would for convenience be taken only in the name of one of the members of the firm. Proof, therefore, that the property was purchased for partnership purposes and with partnership funds is proper for the establishment of a resulting trust therein in behalf of the firm, and works no offense against our statute of frauds (Rudulph v. Burgin, 219 Ala. 461, 122 So. 432; Moss v. Winston, 218 Ala. 364, 118 So. 739; Phillips v. Phillips, 223 Ala. 475, 136 So. 785); nor run counter to the cases of Worthington v. Eggler, 210 Ala. 535, 98 So. 788; Hume v. Kirkwood, 216 Ala. 534, 113 So. 613; North River Ins. Co. v. Waddell, 216 Ala. 56, 112 So. 336, 52 A. L. R. 838, cited by counsel for appellant.

There was no occasion for reformation of the deed to W. O. Lassetter or any proceeding concerning the title, as the grantee Lassetter joins as a party complainant, and thereby confesses the equitable title to the property to be in the partnership. The evidence is sufficient to show that the partnership was the equitable and beneficial owner of the property. Defendants' general agent, Chappell, was the original owner and sold to Lassetter lots 15 and 16, block 14. A house was constructed on lot 16, and sold to one Fred Miller, to whom deed was made and who went into possession. Chappell issued an insurance policy on this house also. Complainants were erecting at the same time the house on lot 15 here involved. Chappell's testimony is to the effect he was given instructions by one Moore, who is shown to have been superintending the building of both houses, to issue policies on both houses. Policy was issued and delivered to Miller on the house on lot 16, and Chappell insists that Moore instructed him to make the policy on the house on lot 15 also payable to Miller. This Moore denies.

It appears the policy here in question was kept in Chappell's possession until after the fire. He as agent had paid the premium to the insurance company, but the Lassetter Lumber Company had not paid him within the time agreed, but did so within the time extended by Chappell, but whether this was just after the fire or before remains in doubt. But that was a matter of reimbursement to the agent as the company had been paid, and is not material to any defense here interposed.

There is proof to show that the amount of the premium was charged to the lumber company, and that Chappell demanded payment thereof of said company, and each of the partners. Chappell's testimony is to the effect he issued the two policies at the same time. The policy here involved is made to Fred Miller, just as the one issued to him on his own property. But it is without dispute

that Miller owns no interest in this property, either legal or equitable. He had merely worked on the house under Moore at 40 cents per hour, and paid for his labor. Otherwise he was an entire stranger thereto.

We think it quite clear, and indeed the recitals of the policy so indicate, that all parties intended to insure the property for the benefit of the owner. That owner is shown by the proof to have been the Lassetter Lumber Company. It is equally clear that Miller had no connection with the property, and to have intended insurance in his name would have been most unreasonable and bordering on the absurd.

■ The chancellor, who saw and heard the witnesses testify, evidently reached the conclusion that Chappell merely was mistaken and confused on account of the other policy, or misunderstood the conversation regarding the same, and erroneously made the policy on the property of lot 15 payable to Miller, who had no interest therein, instead of to the true owner as shown by the proof. We think the evidence amply justifies this conclusion. We recognize fully the high degree of proof required in cases of this character (Holland Blow Stave Co. v. Barclay, 193 Ala. 200, 69 So. 118; Lipham v. Shamblee, 205 Ala. 498, 88 So. 569; Parra v. Cooper, 213 Ala. 340, 104 So. 827; Dickenson County Bank v. Royal Ex. Assur. of London (Va.) 160 S. E. 13, 76 A. L. R. 1209); but upon a consideration of the whole evidence, we are persuaded the result reached by the chancellor is sustained and the burden of proof duly met.

■ But appellant insists that though the policy be thus reformed, yet there could be no recovery thereon as complainants are not the sole unconditional owners of the property by reason of the outstanding interest of W. L. Moore. But Moore testifies he had no interest in the property whatever. His agreement with the lumber company was to superintend the building of the houses, the company to furnish all material and pay all the labor, and upon the sale of the property his compensation was to be one-half of the net profit. He assumed no liability and acquired no interest in the property, according to his testimony, and there was nothing in contradiction.

■ Defendant also pleads in bar of the action a failure to furnish proof of loss within sixty days after the fire. We are inclined to the view the evidence is sufficient to justify the conclusion of a waiver of the strict requirement of this provision, but that question aside and undetermined, the clause is the same as that involved in National Fire Ins. Co. v. Tenn. Land Co. (Ala. Sup.) 139 So. 227,[1] present term, and being pleaded in bar and not in abatement of the action, is not

---

[1] Ante, p. 113.

here available to defendant under the above-noted authority and cases therein cited.

Appellant lays stress upon the ruling permitting complainants to show that it was a custom with the two brothers constituting the Lassetter Lumber Company that one of them would take the title for the benefit of the firm as a matter of business convenience, and argues upon the theory that such custom, unknown to defendant, was not binding on it, and cannot in any event be made to vary or contradict the terms of the written contract, citing People's Bank v. Walthall, 200 Ala. 122, 75 So. 570; So. Life & Health Ins. Co. v. Morgan, 21 Ala. App. 5, 105 So. 161; Middleton v. Western Union Tel. Co., 197 Ala. 243, 72 So. 548. But these authorities are inapplicable to the situation here presented.

■ The purpose of this proof was merely in aid of the establishment of a resulting trust in the property and the equitable interest of complainants therein, and in no manned offends the rule announced in these cases. Moreover, the equitable interest of complainants was thus established by the uncontradicted proof without regard to the evidence to such custom, and in no event could injury result.

The few remaining questions as to evidence need no separate treatment here. The rulings were either free from error or else entirely harmless.

■ The demurrer to the bill was overruled. In its principal feature the bill seeks reformation of the policy and recovery thereon as thus reformed. We recognize the rule that great particularity of averment is required in cases of this character, but we are persuaded that considering the averments of the whole bill and giving the language thereof a reasonable construction, it in substance has met the requirements of the rule, though viewed with a critical eye it is not free from criticism. The cases of Camper v. Rice, 201 Ala. 579, 78 So. 923, Warren v. Crow, 195 Ala. 568, 71 So. 92, and Eastis v. Beasley, 214 Ala. 651, 108 So. 763, sustain this conclusion.

At the conclusion of the bill the pleader has added a paragraph in effect that if mistaken in the averments as to the issuance of the policy by mistake, that said Miller took the policy as trustee, and it is insisted this aspect of the bill is defective and subject to demurrer. We note, however, that the decree is one merely overruling the demurrer to the bill, without reference to this particular feature. The bill had equity, and not subject to the demurrer in that aspect seeking reformation of the policy.

■■ We are of the opinion the chancellor was justified in so ruling by the manner in which the demurrer is interposed. It is to the bill and each paragraph, followed by the assignments. But the rule is that a partial demurrer should clearly point out the part to which it is directed (21 Corpus Juris, 442, and authorities cited in the note), and this is better done by addressing the demurrer to that particular aspect. One of the reasons for the rule is illustrated by what was said in Sandlin v. Anders, 210 Ala. 398, 98 So. 299, and as applicable here, for in the Sandlin Case it is pointed out that a demurrer directed to a particular aspect of the bill which is sustained, leaves the complainant with the privilege, if he so desires, and if the bill in other respects has equity, to proceed to a trial of the cause without amendment, and treat that portion to which the demurrer has been sustained as eliminated thereby. So here, if the demurrer had been clearly directed to the aspect of the bill seeking to have Miller declared a trustee and had been sustained, complainants could have then proceeded by treating that aspect as eliminated and obtained the same relief, as in the particular instance there was no proof whatever tending in the least to sustain this particular feature. The demurrer must be treated as merely one to the whole bill. Sandlin v. Anders, supra; Kelly v. Carmichael, 217 Ala. 534, 117 So. 67; Hunter-Benn & Co. v. Bassett Lumber Co. (Ala. Sup.) 139 So. 348,[1] present term. If the cases cited by appellant (Henry v. Tennessee Live Stock Co., 164 Ala. 376, 50 So. 1029, Lucas v. Oliver, 34 Ala. 626, and Shannon v. Long, 180 Ala. 128, 60 So. 273) are to be interpreted as containing expressions to the contrary, then the later authorities above noted, to which may be added Oden v. King, 216 Ala. 504, 113 So. 609, 54 A. L. R. 1413; Breeding v. Ransom, 220 Ala. 82, 123 So. 899; Wood v. Estes (Ala. Sup.) 139 So. 331;[2] Davis v. Anderson, 218 Ala. 557, 119 So. 670; and McMillan v. McMillan, 218 Ala. 559, 119 So. 676, disclose a departure therefrom. These assignments of demurrer, therefore, are not, under this decree, here presented and need no further comment. Moreover, relief having been granted on the other features as to reformation, ruling on this alternative was unimportant, and could in no event work injury to defendant.

We are persuaded there is no reversible error in the decree rendered, and it will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

---

[1] Ante, p. 215.
[2] Ante, p. 140.