149 So. 717

## ASHTON v. WEAVER.

### 3 Div. 726.

Court of Appeals of Alabama.
June 30, 1933.

Rehearing Denied Sept. 12, 1933.

H. D. Finlay, Jr., and H. C. Rankin, both of Brewton, for appellant.

C. B. Fuller, of Andalusia, for appellee.

RICE, Judge.

"This is an action of detinue by the appellee against the appellant to recover two mules, and the plea was the general issue, pleaded in short by consent with leave to the defendant to give in evidence any matter that would constitute a defense if specially pleaded. Under the Statute the issues thus formed embraced any defense that could be pleaded if the action had been on the debt covered by the mortgage, such as fraud and deceit in the sale of chattels, breach of warranty, payment, and modification of the contract as to the time of payment supported by a valuable consideration."

Mutatis mutandis, the above quotation is taken literally from the opinion by the Supreme Court on original submission—which we do not find to have been changed or overruled on application for rehearing—in the case of Burgin et al. v. Stewart, 216 Ala. 663, 114 So. 182, and states, exactly, the case presented here.

Appellant, who was the defendant in the court below—the suit being brought under the authority of a mortgage given by him to appellee covering and describing the two mules here sued for—sought in different ways to plead that while the mortgage was executed by him, as it appeared in the evidence, etc., and had not been paid, etc., in accordance (strict, literal, accordance) with its stated terms, yet he owed appellee nothing because appellee promised, contemporaneously with the execution of the mortgage, and as a part of the same transaction, that he would, before the maturity of the mortgage indebtedness replace the pair of mules here sued for with a heavier pair, etc.; and that appellee had breached this promise to the damage of appellant to an amount greater than the amount claimed and shown to be due and unpaid on the mortgage.

The case was tried before the judge, without a jury, and he would not entertain appellant's contention aforesaid.

On first blush we were of the opinion that the learned trial court was in error—this on authority of the above herein-quoted excerpt from the opinion in the case of Burgin et al. v. Stewart. But, upon what we think is more mature reflection, we now are of the opinion, and decide, that to have allowed the proof alluded to would, as the trial judge held it would, have been to permit the terms of the written contract (mortgage) to be varied or contradicted by parol testimony in violation of the rule that obtains. See Forbes v. Taylor, 139 Ala. 286, 35 So. 855; and Hamilton Furniture Co. v. Brenard Mfg. Co., 215 Ala. 187, 110 So. 153.

It results that we are of the opinion that the judgment appealed from should be affirmed. And it is so ordered.

Affirmed.